E. F. BROWN, GUARDIAN, V. SOVEREIGN CAMP WOODMEN OF THE WORLD.

Decided January 28, 1899.

**1. Practice—Finding of Jury on Special Issues—Undisputed Fact.**

The court should file its conclusions finding such facts as are material to the sustaining of the judgment which are undisputed and are not submitted to the jury in the form of special issues for their finding, and the failure of the jury to find as to an undisputed fact is immaterial.

**2. Same—Express Finding Not Necessary, When.**

It is immaterial that the jury fail to find upon one of the special issues submitted to them, where their finding upon other issues is in effect decisive as to the omitted issue, rendering a specific finding thereon unnecessary.

**3. Same—Findings Not Inconsistent.**

The findings of the jury in reply to special interrogatories, that the officer of the local camp of a benefit order knew at the time of the admission of a member, of his habits as to the use of intoxicants, are not inconsistent with their finding in reply to another interrogatory, that the officers had no notice that the statement in his application, that he was not addicted to the use of intoxicants, was false, where the evidence shows that the applicant had been a man of intemperate habits, but that previous to making application he had taken a liquor cure, and that it was generally believed that he had been cured of the liquor habit.

**4. Benefit Life Insurance—False Statements in Application.**

False answers in respect to habits made in an application for membership in a benefit order, are not waived because the officers of the local camp, which admitted the applicant, knew the truth with reference to such habits, and that he had taken the liquor cure, but did not know the contents of his application wherein he denied such habits and the fact of having taken the cure.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*Head, Dillard & Muse,* for appellant.

*Brome & Burnett* and *Hazelwood, Smith & Tolbert,* for appellee.

BOOKHOUT, Associate Justice.—The following statement of this case is taken from the appellant's brief:

This suit was filed by appellant as guardian of C. A. Fenet, J. D. Fenet, and Mary Fenet, minors, children of J. D. Fenet, Sr., deceased, against Sovereign Camp Woodmen of the World, on certificate for $2000, payable to said minors at his death, and $100 to place a tombstone at the grave of deceased, and damages for nonpayment. It was alleged that deceased was regularly initiated a member of Post Oak Camp No. 141, located at Sherman, Texas, paid all the fees, dues, and assessments prior to and subsequent to the date of said certificate, except assessment No. 67 and dues for November, 1896, amounting to the sum of $1.95; that said assessment became due December 1, 1896, and on or about the 20th day of November, 1896, said J. D. Fenet was taken sick and continued sick until death on the 14th of December, and under the laws of said corporation a member could not become delinquent for nonpayment of dues and assessments while sick. Also, that during the month of November, 1896, and prior to the 1st day of December, said deceased tendered to A. H. Chambers, clerk of Post Oak Camp No. 141, said dues and assessment, and he refused to receive the same; that as clerk he was authorized to receive said dues and assessments. Sovereign Camp W. O. W. is a corporation duly incorporated, and under its constitution and by-laws had the authority to locate camps in Texas, and said Camp 141 was located and chartered by it and authorized to receive members. The usual prayer for relief is made.

Appellee answered by general denial and specially answered, admitting it to be a benevolent mutual benefit society, and issuing certificates on the assessment plan, and also admits the issuance to the deceased of the certificate sued on March 30, 1896. Appellee pleaded in avoidance of said certificate and in bar of the right to recover.

1. That certificate was issued and accepted subject to all the conditions on the back thereof, and named in the laws of the corporation, and liable to forfeiture if same is not complied with; that on the back is indorsed the following conditions: First. "This certificate is issued in consideration of the representations and agreements made by the person named herein in his application to become a member," etc.

2. If dues, fees, and assessments are not paid as required by the laws of the order to the clerk of his camp the certificate to become null and void; that under the laws each member is required without notice to pay to said clerk each month one assessment. No. 67 was made against Post Oak Camp No. 141, of which deceased was then a member, which, together with the monthly dues and fees, amounted to $1.95 against said deceased, which became due and payable on or before the 1st December, 1896, and that said deceased failed and refused to pay the same.

3. That the following condition is indorsed on the back thereof: "Or if any of the statements or declarations in the application for membership, and upon the faith of which this certificate was issued, shall be found in any respect untrue, this certificate shall be null and void," etc.;

that a written application was made and signed by deceased, attached to said answer. That in said application deceased agreed that it should form the sole basis of his admission to membership and the certificate to be issued, and that any untrue statements of answers made to the camp or examining physician, or any concealment of facts intentional or otherwise, should forfeit the rights of his beneficiaries to all benefits and privileges, etc.

Also that the following questions and answers were made by the deceased in his application: "Have you at any time been addicted to the use of intoxicating liquors or narcotics?" Ans.: "No." "To what extent do you drink wine, malt, or spirituous liquors or narcotics?" Ans.: "None." "Have you taken a liquor cure?" Ans.: "No." All of said answers are alleged to be false. Also there is in said application the following: Deceased agreed that the statements, representations, and answers contained in the application and those made to the physician shall be the sole basis of his admission and issuance of certificate, and warrants the same to be full, complete, and true, and such warranty and the truth of each and every one of said answers, statements, and representations are conditions precedent to and a consideration for his admission, etc.; and if any of said statements, representations, etc., is not literally true the certificate shall be void. Also' all the provisions of the constitution and laws now existing or hereafter adopted shall form part of the contract and certificate. Further, that each and all of said questions and answers are material and the same are false, etc. The usual prayer for relief.

Plaintiff filed a supplemental petition in which he alleged that W. O. W. is composed of sovereign camps, head camps, convention head camps, and camps; that A. H. Chambers was clerk of Camp 141, and fully authorized to receive, receipt for, and forward all moneys to defendant; that all applications for membership were first referred to a committee, and upon a favorable report a ballot is taken, and if the ballot is favorable, then the physician examines the applicant, and if his report is favorable, the application to be forwarded by the clerk of the camp to the sovereign physician, and when approved by the sovereign physician the certificate is issued; which it is alleged was done and certificate regularly issued. It is further charged that if the answers or any one of them were false, then defendant Camp No. 141 and its officers and members knew the facts, and knew the same to be false, or might by the use of reasonable diligence have known the facts and known the same were false. It is further alleged that if said answers were false, then under the laws of the corporation deceased was entitled to a trial after charges preferred, and might after expulsion be reinstated under said laws; that no charges were preferred against him for false statements, and if any such were preferred the same were never prosecuted to trial and expulsion, and at his death he was in good standing. It is further alleged, that after it was notified of the false statements and habits of deceased it received and appropriated from him dues, fees, and assessments, and said corporation

is estopped from denying its liability under the certificate, and prays as in original petition.

The different sections of the laws and constitution are set out in the petition and answer, and the entire pleaded generally.

Appellee filed supplemental answer denying the allegations, and specially replying that he had preferred charges for drunkenness against deceased and was proceeding to try the same at his death, and same were pending at the time of his death.

The case was submitted to a jury upon special issues, and upon their findings a judgment was rendered in favor of defendant on the 18th day of March, 1898. Plaintiff's motion for a new trial was overruled March 25th, from which he gave notice of appeal, and assigned errors.

The following conditions are on face of policy and indorsed on back: "This certificate is issued and accepted subject to all the conditions on the back hereof, and all the conditions named in the constitution and laws of this fraternity, and liable to be forfeited if said sovereign shall not comply with said conditions, constitutions, and laws, and such by-laws, etc., as may be adopted." On the back is indorsed: "This certificate is issued in consideration of the representations and agreements made by the person named herein, in his application to become a member, and in consideration of his agreement to pay all assessments, dues, etc. If assessments, dues, etc., are not paid to the clerk of his camp as required by the constitution and laws, etc., this certificate shall be null and void; or if any of the statements or declarations in the application for membership, and upon the faith of which this certificate was issued, shall be found to be untrue, this certificate shall be null and void," etc. The above conditions are also incorporated in the laws of the order.

The following statements, questions, and answers, appear on the face of exhibit "X," defendant's answer: "I hereby certify and agree and warrant that I am of sound bodily health and mind; and have no injury or disease which will tend to shorten my life. I do hereby consent and agree that this application shall form the sole basis of my admission to membership in this order, and the beneficiary certificate to be issued on this application, and that any untrue statements made to the camp or examining physician, or any concealment of facts intentional or otherwise in the application, shall forfeit the rights of my beneficiaries to the benefits and privileges therein, or arising therefrom."

Int. 7. "To what extent do you drink wine, malt, or spirituous liquors?" Ans.: "None." "Have you at any time been addicted to the use of intoxicating liquors or narcotics?" Ans.: "No." "If so, to what extent?" Ans.: ———. Have you taken a liquor cure?" Ans.: "No."

"I hereby agree as follows: That the statements, representations, and answers contained in the foregoing application, together with that contained in the declarations made by me to the examining physician, shall be the sole basis of my admission to the order and the issuance to me of the beneficiary certificate; I hereby warrant the same to be full, complete, and true, whether written by my own hand or not. This warranty,

and the exact literal truth of each and every of said answers, statements, and representations shall constitute and are conditions precedent to and a consideration for my admission, and issuance of the certificate; a copy of the application to be attached to the certificate is waived."

The following sections of the constitution and laws were read, and bear upon the question discussed:

"Sec. 1.   This order shall be known as Woodmen of the World, and shall be composed of a sovereign camp, head camps, convention head camps, and camps, with duties as hereinafter defined.

"Sec. 77.   After a certificate shall have been issued to a member, if it becomes known that he made false representations in his application regarding his habits, health, or family history, or if he shall become addicted to the excessive use of intoxicating liquors or opiates, the matter shall, upon the request of two members of the camp, be referred to a committee of three for investigation, who shall give the member ample opportunity to be heard.   After the committee have reported all the facts in the case to the camp, if two-thirds of the members shall vote in favor thereof, he shall be expelled and his certificate canceled, and the clerk shall thereafter refuse to receive any further payments from him, and shall report the action of the camp to the sovereign clerk, or head clerk, who shall make a record thereof."

Appellant's first assignment of error reads: "The findings of the jury are insufficient to authorize a judgment in favor of the defendant, in that there is no finding that J. D. Fenet made the statements, representations, and answers set forth in exhibit 'A' of defendant's first amended original answer."

The court in its charge instructed the jury that he would submit the case on special issues, and that some of the facts were undisputed, and as to these you will find as hereinafter directed.   The court thereupon, under the head of undisputed facts, directed the jury to make the following findings:

"On the 3d day of April, 1896, the defendant Sovereign Camp of Woodmen of the World executed and delivered to J. D. Fenet the policy of insurance as set forth in exhibit to plaintiff's original petition in this cause.   Said policy was in all respects as set forth in said exhibit, and had all the conditions, stipulations, etc., as embodied in the face of said policy, and as set forth on the back thereof, precisely as contained in said exhibit.

"No. 2.   We find all the facts as set forth in the agreement in this cause filed herein on March 16, 1898."

"No. 4.   We find the constitution and laws of the Sovereign Camp W. O. W. as set forth in exhibit 'X' to plaintiff's original petition, and we hereby refer to said exhibit 'X' and make the same a part of these findings so far as the conditions of the same are concerned.

"No. 5.   We find that the said J. D. Fenet made all the statements, representations, and answers to the questions set forth in exhibit 'A' of

the defendant's first amended original answer, to which reference is here made.

"Exhibit 'A' here referred to in these findings is the application of Fenet to become a member of the defendant order."

The disputed issues of fact were submitted to the jury in the shape of interrogatories, and the jury are told their answers thereto, together with the facts which they were to find, will constitute their verdict, which must be signed by their foreman. They were then charged as to how they were to be governed in arriving at their findings upon the disputed facts and issues, and the form of their answer thereto. The charge then proceeds, under the head of interrogatories, to propound fourteen interrogatories, in the form of issues for their findings thereon. The jury answered the interrogatories so propounded, numbered from 1 to 14, but failed to make an answer to the five findings which the court found and prepared for them. Among the facts which the jury were told were undisputed, was that J. D. Fenet made all the statements, representations, and answers to the questions set forth in exhibit "A" of defendant's first amended original answer. Exhibit "A" referred to was the application for membership in the order. Among the questions contained in said application was the following: "Have you taken a liquor cure?" To which the applicant answered, "No."

It is contended that the question of fact was submitted to the jury for their finding thereon as an issue whether J. D. Fenet made the statements and representations set forth in his application for membership in the order, and that they having failed to find as to said issue, and the said finding being material, that their findings are insufficient to support the judgment. We do not think that this matter was so submitted to the jury. They were told that some of the facts were undisputed, among which was the making of the statement that Fenet had not taken a liquor cure. The jury were instructed, in effect, that Fenet had made the representations that he had not taken a liquor cure. This was not submitted to them as an issue which they were to find from the evidence, but a verdict was directed by the court for the jury to find it as a fact from the undisputed evidence in the case. The disputed facts were submitted to them as *issues* in the form of interrogatories. The statute in reference to submitting special issues provides that the failure to submit any issue shall not be ground for the reversal of the judgment unless its submission has been requested in writing by the party complaining. And further, that upon appeal an issue not submitted and not requested by a party to a cause shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to support the said findings. Sayles Civ. Stats., art. 1331. There was no request by the appellant (plaintiff below) to submit this matter as an issue to the jury. The trial court filed conclusions of fact, in which it is found Fenet did make the statements and representations set forth in exhibit "A" to the effect that he had not taken a liquor cure, and there is evidence to support the finding. The proper practice, we think, is for the court to file its con-

clusions of fact in such cases, finding such facts as are material to the sustaining of the judgment and as were not submitted to the jury in the form of special issues for their finding. The statement of facts shows that it was agreed between the parties that Fenet had taken a liquor cure known as the "Keeley cure" previous to making his application to join the defendant order. Such being the condition of the record, there is no merit in appellant's first assignment or error, and the same is overruled.

Appellant's second assignment of error contends that the jury failed to answer special issue number 4, submitted to them by the court and that a finding thereon was material to sustain the judgment. The special issue referred to reads: "At the time the said J. D. Fenet was admitted to membership and initiated into Post Oak Camp No. 141 of the defendant order, did any of the officers of said camp know that the statement, answer, and representations, or any of them contained in the application for membership, was or were untrue. If not, then did any of said officers afterwards find out that such was or were untrue prior to the death of said Fenet, and if so, which officer or officers, and how long afterwards did such officer or officers so find out?" To this interrogatory the jury answered as follows: "As to officers knowing about the questions and answers in application being true or untrue at the time J. D. Fenet joined the W. O. W., we do not know that officers knew that answers to questions were true or untrue, or when they found it out."

The defendant set up the falsity of the answer of J. D. Fenet in his application to become a member of the order, that he had not taken a liquor cure, as a ground for defeating a recovery by plaintiffs therein. The certificate was issued to Fenet "in consideration of the representations and agreements made by him in his application to become a member," etc. And in his application he further stated: "I do hereby consent and agree that this application shall form the sole basis of my admission to membership in this order, and the benefit certificate to be issued on this application; and that any untrue statements made to the camp or examining physician, or any concealment of facts intentional or otherwise in the application, shall forfeit the rights of my beneficiaries to the benefits and privileges therein or arising therefrom."

Under the above statements and warranties contained in the benefit certificate and application, defendant claimed that the policy was forfeited. The plaintiff replied to this by a plea of estoppel, to the effect that if such representations and statements were untrue they were known to be so by the officers and members of Camp No. 141 at the time Fenet made the application and joined the order, and with such knowledge the camp admitted him into the order and issued a benefit certificate to him and thereafter collected assessments. The plaintiff assumed the burden of proof upon this issue, and if the evidence was insufficient to enable a jury to find that the facts constituted an estoppel, then we think it may be said that said plea is not sustained by the evidence. But if this were not so, still we think the jury did find against the plea of estoppel in

answer to the following special issues submitted to them at the request of the defendant.

"No. 1.   Did any of the officers of Post Oak Camp 141 know the contents of the application of Fenet for membership at any time before his death; if so, which of said officers, and when did they learn its contents?" To which the jury answered: "We don't think Camp No. 141 knew the contents of the application until after the death of the said Fenet."

Defendant also submitted the following questions:

"First.   Did the defendant sovereign camp at any time before the death of the said Fenet know that said Fenet had made an untrue answer to this question (concerning the liquor); if so, when did it learn of said answer and through whom, and in what way did said sovereign camp learn of said false answer?

"Second.   Did Post Oak Camp No. 141 know that said answer was untrue, and if it did know that it was untrue, when did it learn that it was untrue, how and through whom?"

To which the jury answered:

"No. 1.   We don't think the sovereign camp knew that the said J. D. Fenet made false statements.

"No. 2.   We have no evidence that Camp No. 141 knew the statements in J. D. Fenet's application were false."

These findings dispose of appellant's second assignment of error and the same is overruled.

Under appellant's fifth assignment of error the contention is made that the answer of the jury to special issue number 1, submitted at the request of the defendant to the effect that the sovereign camp did not know that Fenet made false statements, is unsupported by the evidence, in that the undisputed evidence shows that the sovereign camp did receive notice by letter of such fact, which notice was sufficient to put a prudent man upon inquiry.   There is no evidence in the record that the sovereign camp had any notice in reference to the habits of Fenet previous to the receipt of the letter from Southern in August, 1896.   The evidence shows that in the month of August, 1896, a letter was written by one Southern, a member of Camp No. 141, to the sovereign commander at Kansas City, calling his attention to the fact that Fenet was drinking.   The sovereign commander immediately wrote to the clerk of Camp No. 141 making inquiry in reference to the habits of Fenet.   The clerk of No. 141 replied that there was no truth in the report.   The clerk of No. 141 then proceeded to make inquiry in reference to the habits of Fenet, and about October 1st ascertained that there was foundation for the report.   He called the attention of the camp to the matter and a committee was at once appointed to try Fenet, and notice was given to him to appear at the trial.   This proceeding was in accordance with the by-laws of the order governing such cases, and the matter was continued by the lodge principally because of the sickness of the defendant until the —— day of December, upon which day Fenet died.   We think that the finding that the officers of the sovereign camp were ignorant that Fenet made false state-

ments is fairly supported by the evidence. As before stated, there is nothing in the record tending to show that they had such notice previous to the receipt of the letter of Southern, in August, 1896. Upon the receipt of this letter the sovereign lodge proceeded in the matter in the manner pointed out in the constitution and by-laws. The subordinate lodge seems to have proceeded in the usual and proper mode and with all proper diligence to ascertain the truth of the report and to have the trial. We do not think that the sovereign lodge had knowledge that Fenet made false statements in his application to become a member of the order, nor do we think that the findings of the jury in answer to special issue number 4, submitted at the request of the plaintiff, to the effect that the defendant had notice in August, 1896, that Fenet was drinking, is inconsistent with the findings of the jury upon special issues numbers 7 and 8, to the effect that the officers and members of Camp 141 had notice at the time of the admission of said Fenet into the defendant order of the truth as to his habits and character with reference to his use of intoxicants.

Questions 7 and 8 asked the jury to find whether any of the officers or members of Camp No. 141 knew at the time of the admission and initiation of Fenet into said order, of his habits and character with reference to his use of intoxicants. The jury replied in the affirmative, both as to the officers and members. The evidence shows that Fenet had been a man of very intemperate habits and that this was generally known in the community, but the evidence further shows that previous to his making application to become a member of the defendant order he had taken a liquor cure, and that it was generally believed that his habits in reference to the use of intoxicants had become cured at the time of his admission and initiation into the defendant order. The evidence shows that he was using intoxicants when he became a member of the order.

This being the condition of the record, we do not think that the findings of the jury upon special issues 7 and 8 are inconsistent or contradictory to their finding upon special issue number 4 above set forth.

Appellant's sixth assignment complains of the finding of the jury as to special issue number 2 submitted at the request of the defendant, to the effect that there was no evidence that Camp No. 141 knew that the statements in Fenet's application were false, is unsupported by the evidence and in conflict with the undisputed evidence, which was to the effect that Robert Coleman, who was one of the committee appointed by said court to examine and report on the applicaton of Fenet for admission to said camp, did know that said Fenet previous to that time had been addicted to the use of intoxicating liquors and had taken the Keeley cure. In reference to this contention the record shows that Robert Coleman was a member of the committee of investigation appointed by the camp to investigate the character of Fenet when he made application for membership in the defendant order. He knew at the time that Fenet had been a drinking man and also knew that he had taken the Keeley cure, and believed he had quit drinking, and believed that he had re-

formed, and so believing he indorsed his application for membership. He did not know that Fenet made a statement in his application to the effect that he had not taken a liquor cure. We do not think there is any merit in appellant's sixth assignment of error above set forth.

We think that the seventh assignment of error is without merit, for the reasons above set forth in overruling appellant's fifth assignment of error.

There was no error in the record restricting or qualifying special charges numbers 1, 2, and 3 submitted by the plaintiff, and we therefore overrule appellant's eighth, ninth, and tenth assignments of error.

We have carefully examined and considered all the remaining assignments presented by the appellant, and we think they are without merit, and the same are overruled.

Finding no error in the record, the judgment of the court below is hereby affirmed.

*Affirmed.*