The Texas & Pacific Railway Company v. P. J. Donovan & Co.

No. 85.

**1. Railways Liable for Negligence of Receiver.**

A railway company is liable for damages if the receiver controlling the road at the time of the injury was liable; not as being liable for his negligence, but because the earnings of the road while in control of the receiver had been used to make permanent and valuable improvements upon the road, which with its improved conditions had been restored to the railway company ........................ ... .,......... 379

**2. Assignment of Error.**

An assignment that "the court erred in refusing special charges numbered from one to four inclusive, asked by the defendant," is too general. The charges embodied different propositions of law .......... 379

**3. Market Value—Telegrams and Trade Journals.**

It is competent for a witness to testify as to market value of livestock at Chicago on a given day, although the witness at the time was in Texas. His means of knowledge were stated to be his daily receipt and inspection of telegrams and stock journals from Chicago, giving prices from day to day................................................. 380

Error to Court of Civil Appeals for Second District, in an appeal from Howard County.

*B. G. Bidwell*, for plaintiff in error.—The plaintiff should not have been permitted to testify to the market value of sheep in Chicago on a given day, from price currents and telegrams alone, when he can not say they covered the very days in question. 117 Miss., 527; 17 Mich., 296; 12 N. Y., 40; 13 Am. Rep., 687; 108 Mass., 238; 14 Mich., 489; 30 Vt., 90; 69 N. Y., 348; 39 Wis., 533.

*G. W. Walthal* and *S. H. Cowan*, for defendants in error.—A witness will be allowed to testify as to the market value of stock in Chicago,

although he may reside in Texas, where he shows that he has daily communication by telegrams and price currents with dealers in Chicago who were interested with him in the buying and selling of cattle and sheep on the Chicago market, and where he was making daily sales of these classes of stock in said market, and knew the market prices at the time he made the shipments, and that he still remembers what it was. 2 Rice on Ev., 1307, and authorities cited.

BROWN, Associate Justice.—Donovan & Co. sued the plaintiff in error to recover damages for injuries alleged to have been caused to sheep shipped on its line from Toyah to Chicago. The bill of lading limited the liability of the railway company to its own line. It appears that delay probably occurred on the line of the plaintiff in error, as well as other lines of road over which the sheep passed en route to Chicago. Plaintiffs recovered judgment in the District Court, which was affirmed by the Court of Civil Appeals. Plaintiff in error presents several grounds of error, upon which this court is asked to reverse the judgment of the Court of Civil Appeals.

At the time that the shipment was made the defendant's railway was in the hands of John C. Brown as receiver, and the first assignment presented is, that "the Court of Civil Appeals erred in holding that the railway company was liable for the negligence of Brown as receiver." It is too well settled to require authority or argument, that the railway company is liable for the damages occasioned if Brown as receiver was liable; not as being liable for his negligence, but because the earnings of the railway in the receiver's hands were used to make permanent and valuable improvements on the property, which the railway company has received in its improved condition.

The defendant at the trial asked the court to give to the jury four distinct and separate charges, which embodied different propositions of law. The assignment is, that the court "erred in refusing special charges numbered from one to four, inclusive, asked by the defendant." This charge was too general, and the Court of Civil Appeals did not err in refusing to consider it.

It is complained that the Court of Civil Appeals erred in holding that the sixth assignment of error was not supported by the record. We find that there was evidence from which the date at which the sheep were delivered at Chicago could be reached with reasonable certainty. There was no error in refusing to sustain this assignment.

The last objection presented to the judgment of the Court of Civil Appeals is that it erred in refusing to sustain defendant's objection to the testimony of Voliva. The witness testified to the market value of the sheep in Chicago on a given day. His information was derived from trade journals and telegrams received from Chicago almost daily at the

time, but could not say that he had them for the particular day. Testimony of market value is largely a matter of opinion, and in this case was not obnoxious to the objection made. The fact that the witness was in Texas could make no difference as to the admissibility of his evidence.

When the application for a writ of error in this case came before the court, it appeared from the papers presented that in all probability the plaintiff had recovered from defendant for damages occasioned on the line of another railway company, and upon that the writ was granted. Upon an inspection of the record we find that the trial court very carefully and clearly instructed the jury upon this point; the jury could not have included in their verdict any such damages without disregarding the instructions of the court.

There is no error in the judgment of the Court of Civil Appeals, and it is affirmed.

Delivered February 1, 1894.