Texas Central Railroad Company et al. v.
Fisher & McFatter.

Decided January 5, 1898.

1. **Evidence—Market Value—Hearsay.**

   A witness may testify to market value, though his knowledge thereof is derived from information received from other sellers and not from sales made by himself.

2. **Same.**

   A witness whose knowledge is derived from daily market quotations sent out by commission merchants may be qualified to testify as to market values.

3. **Trial—Findings of Court—Itemizing Damages.**

   It is not error for the trial court, in making findings of fact, to award damages only in an aggregate sum, though special items of damages are claimed.

4. **Damages.**

   The assessment of damages by the trial court will not be disturbed where there is evidence to support it.

Error from the County Court of Hamilton. Tried below before Hon. J. C. Main.

*L. W. Campbell*, for plaintiff in error.

COLLARD, Associate Justice.—This suit was instituted by Fisher & McFatter, the appellees, against the Texas Central Railroad Company, the Southern Pacific Railroad Company, and the Texas & Pacific Railway Company, April 25, 1895, for $650 damages to 900 turkeys and chickens; it was alleged that they were delayed five days at Hico, Texas waiting for a car in which to ship poultry, and twenty-two hours longer than necessary between Hico, Texas, and San Francisco, Cal. The Texas Central Company alone answered.

A jury being waived, the case was tried and judgment was rendered the 16th day of April, 1897, for plaintiffs against the Texas Central Railroad Company for $521, and judgment in favor of the Texas Central Railroad Company over against its codefendants for the same amount, from which the Texas Central Railroad Company has appealed.

*Opinion.*—The second, third, fourth, and fifth assignments of error are grouped together, and but two propositions are made under them. First, "Hearsay evidence is inadmissible to prove market value." Second, "Parol evidence is inadmissible to prove contents of a written instrument, when the instrument itself is not shown to be lost or accounted for."

The first proposition has been decided by this court adversely to appellant in the case of Railway v. Cocreham, 30 Southwestern Reporter, 1118, where it was held that a witness may testify as to market value of stock upon information obtained by conversations with other persons who had sold a great many of such stock at the time and place.

The second proposition does not relate to anything mentioned in the assignments under which it is made. The second assignment is that the court erred in permitting Joel Fisher to testify as to market value of poultry in the city of San Francisco on December 17, 1894. The third assignment is that the court erred in not excluding the testimony of Fisher upon the same matter upon defendant's motion; the fourth assignment is addressed to the admission of testimony of market value of poultry in Galveston and Houston in the month of December, 1894; and the fifth assignment complains of the refusal of the court to exclude the testimony, after it was admitted.

These assignments are in no way connected with any ruling concerning the admission of testimony to prove the contents of a written instrument. If they do relate to such ruling, the brief of appellant does not show it. We will state, however, that the assignments of error, in our opinion, taken as propositions in themselves, are not well taken.

Appellant's counsel briefs particularly his objections to the testimony of McFatter by a statement of a part of his objectionable testimony. McFatter said: "I knew the market value of poultry in Galveston and Houston on the 17th of December, 1894, from a card they (the commission merchants) sent out every day to their merchants. They sent out quotations. I saw their quotations, and the bill for the turkeys also corresponded with their quotations when it came back. The commission merchants sent this card to Mr. Hale. This card is the only means by which I knew the market price of poultry in Galveston and Houston on that day." The witness was qualified to testify to the market value of poultry as he did.

It was not necessary for the court in his findings to state his estimate of damages on each of the four items of damages separately, and he did not err in merely finding the aggregate amount of damages. If defendants were dissatisfied with the form of the court's conclusions upon the facts, special findings should have been asked.

We can not say the judgment of the court for $521 was not supported by legitimate testimony upon the issues in controversy, nor can we say that the amount was excessive. The testimony was conflicting, but accepting that offered by plaintiffs as true, it can not be said that the amount of damages awarded was without evidence to support it. It may be greater than this court would have awarded on the trial; but the conclusion of the lower court trying the case both upon the law and the facts, should not, as to the amount of damages, be disturbed, when there was testimony authorizing it.

We find no error in the judgment and it is affirmed.

*Affirmed.*