## J. C. Darden v. Mrs. M. C. Taylor.

### Decided March 24, 1910.

**1.—Special Verdict—Failure to Find on Issue—Judgment.**

Where a case is submitted to the jury upon special issues the judgment must be based upon their findings thereon. The right of the court to supply findings on any question is limited to issues not submitted and which there was no request to submit. He can not supply answers to questions submitted but upon which the jury failed to make findings.

**2.—Same.**

Where the verdict of a jury upon a special issue submitted to them (i. e. whether improvements on real property during marriage were paid for with separate means or with that of the community) is that they can not answer, the court, if entitled to render judgment on this as a finding against the party having the burden of proof on the issue, could not award affirmative relief to the wife on the presumption that community funds made the improvements. Such presumption does not obtain as to improvements on separate property of one of the spouses.

**3.—Same.**

The reply of the jury, to a special issue submitted to them in the form of a question, that they "can not answer" can not be properly treated as a finding that the party having the burden has failed to present the necessary evidence in support of his claim. Their inability to answer might be due to disagreement among themselves. Such verdict is not an answer, but a declining to answer.

**4.—Husband and Wife—Separate Property—Improvements with Community Funds—Pleading.**

The right of one marital partner asserting ownership of community funds used in the improvement of separate property of the other, does not attach to the property in specie, but is an equitable claim which may be made a charge against the property and the claimant must plead the amount and character with sufficient certainty to form the basis of a judgment for a definite sum. Pleading held insufficient under this rule.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*Jones & Bibb* and *L. C. Wilson,* for appellant.—The court erred in refusing to enter a judgment in favor of plaintiff in this cause for all of the property sued for herein. Rev. Stats., art. 2968; Epperson v. Jones, 65 Texas, 425; Rose v. Houston, 11 Texas, 326; Chapman v. Allen, 15 Texas, 278; Philipowski v. Spencer, 63 Texas, 604; Jones v. Epperson, 69 Texas, 586.

On the effect of the failure of the jury to answer the questions submitted to them: Sayles' Rev. Stats., arts. 1331, 1332, 1333, as amended by Acts of Legislature of 1899; Ablowich v. Greenville Natl. Bank, 95 Texas, 429; Waller v. Liles, 96 Texas, 21; Rich v. Western U. Tel. Co., 110 S. W., 95; Moore v. Moore, 67 Texas, 296; Texas Brewing Assn. v. Meyer, 38 S. W., 263; Smith v. Pitts, 57 Texas Civ. App., 97; Newbolt v. Lancaster, 83 Texas, 271; Cole v. Crawford, 69 Texas, 126; Rev. Stats., arts. 1311, 1327.

*W. C. Lane* and *F. H. Prendergast,* for appellee.—The court can

not render judgment for the plaintiff for land sued for when there is a conflict in the evidence and the presumption is against his owning the property. Braden v. Gose, 57 Texas, 37; Cabell v. Menczer, 35 S. W., 206.

Where the presumption of law is against the land being separate property the burden of proof is on the plaintiff to show by clear evidence that the property was paid for with his separate money. Brown v. Woodmen of the World, 20 Texas Civ. App., 379; Epperson v. Jones, 65 Texas, 425.

Where the jury failed to answer questions in special verdict because they were unable to determine the answers from the evidence, the court is justified in rendering judgment in favor of the presumption of law where the matter is not proven. Brown v. Woodmen of the World, 20 Texas Civ. App., 379.

HODGES, Associate Justice.—Appellant J. C. Darden, instituted this suit in June, 1909, against the appellee for the purpose of removing a cloud from his title to certain lots of land claimed by him situated in Harrison County. On the trial this property was designated as follows: The Thomas place, the home place and the Gillum property. The appellee answered generally and specially. The special answer will be referred to again.

The testimony showed that Darden had been married twice. His first wife died in 1874, leaving a separate and community estate, and also children, some of whom are still living. In 1877 Darden married Mrs. Peary, the mother of the appellee. At the time of this last marriage both Darden and his second wife had separate property. In 1908 the second Mrs. Darden died, leaving a will in which she devised her entire property to the appellee. All of the property involved in this suit was acquired and improved during the second marriage. The controversy is as to the funds, whether community or separate, with which the property was purchased and improved. Darden claims that the funds were his separate estate, while the appellee contends that they belonged to the community estate of Darden and her deceased mother.

The testimony as to the character of the funds with which the lots were purchased and improved was in such conflict as to require its submission to the jury. The court did this by propounding to the jury seventeen interrogatories, some of which were answered and others were not. Over the objection of the appellant the court received the verdict of the jury in this form and entered a judgment in favor of the appellant for one-half of the home place, and gave the other half to the appellee. The remainder of the property he awarded to the appellant, but entered a personal judgment against the appellant for $700 as one-half of the value of improvements on the Thomas place, and $107.50 as appellee's interest in the improvements on the Gillum property. These amounts were made a charge against the property in the hands of Darden, and it was provided that in the event they were not paid within sixty days an order of sale was to issue and the property be sold. The complaint on this

appeal is that the judgment of the court was unauthorized by the answers made by the jury.

Questions 1, 2, 3, 4 and 10, and the answers returned, are as follows:

"1st.   State whether or not the Thomas place was paid for with separate or community funds, or both, and the amounts paid.   Answer 1. Paid for with separate funds by J. C. Darden.

"Question 2.   State whether the Thomas place was improved with separate or community funds, or both, and give the amount of each, if any, and state when the improvements were made.   Answer 2. Can not answer.

"Question 3.   State whether or not the home place was purchased with separate or community funds, or both, and give the amounts of each.   Answer 3. Can not answer.

"Question 4.   State whether or not the home place was improved with separate or community funds, or both, and give the amounts and time of improvement.   Answer 4. Can not answer.

"Question 10.   State whether the rents and revenues from the property in the city of Marshall, together with one-half of the net profits of the operations of the farm, if any, were used in defraying the expenses of the family of J. C. Darden and his last wife, or whether there was any net gain for such rents and income, and if so the amount thereof during said marriage.   Answer 10. Can not answer."

Sayles' Revised Civil Statutes, art. 1331, provides that "A special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading; but the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or writ of error, unless its submission has been requested in writing by the party complaining of the judgment." Art. 1333 provides:   "The jury shall render a general or special verdict, as may be directed by the court, and the verdict shall comprehend the whole issue, or all the issues submitted to them.   .   .   . And in all cases where a special verdict of the jury is rendered, or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

Under our jurisprudence the right of the litigant to have the jury pass upon all the issues of fact in his case follows as a corollary to the constitutional right of trial by jury.   The court may look to the pleadings and evidence in formulating the instructions for the guidance of the jury in the deliberations to follow, but in rendering judgment must be governed by the verdict returned.   In those cases where a general verdict is required, no fact can form the basis of the judgment which has not been submitted to the jury and determined by them in harmony with the court's decree.   Ablowich v. Greenville Natl. Bank, 95 Texas, 429, 67 S. W., 79; Waller v. Liles, 96 Texas, 21, 70 S. W., 17; Rich v. W. U. Tel. Co., 110 S. W., 94. In cases where special verdicts are sought, the right of the court

to pass upon and find any of the material issues of fact is limited to those instances where the parties have failed to request the submission of all the issues to the jury. This rests upon a statutory provision which treats the failure of the parties to supply the court's omission by requests as consenting that the court may pass upon those not submitted, so far as may be necessary, in rendering his judgment. That provision has no application here, for the reason that the issues which were necessarily determined in rendering the judgment in this case were specifically submitted to the jury and by them left undecided. In this case the court either treated the questions which the jury said they could not answer, as having been legally determined by the language of the responses made, or he assumed the authority to determine them himself. In either view, we think the court committed a reversible error. If the questions related to material facts, and about this there can be no controversy, it was the duty of the court, when the verdict showed that the jury had failed to decide any one or more of the material issues submitted to them, to direct their attention to the omission and send them back for further deliberation. Rev. Civ. Stats., art. 1327.

It is contended by the appellee that the responses made authorized the court to enter the judgment he did, in view of the undisputed testimony; that the burden of showing by sufficient evidence that the property in suit belonged to his separate estate being upon the appellant, the responses of the jury saying "can not answer" were, in effect, saying that the appellant had failed to adduce evidence sufficient to discharge the burden resting upon him, and therefore the court had the right to enter up a judgment accordingly. We are inclined to think the court concurred in this view and acted upon it. However persuasive this argument may be as justifying a judgment refusing the particular relief which the plaintiff sought in the suit, it is no defense to that portion of the judgment founded on a finding of the facts essential to warrant the affirmative relief granted the appellee respecting the value of certain improvements made upon some of the property. In support of the proposition here relied on, appellee has cited the case of Brown v. Sovereign Camp, W. O. W., 20 Texas Civ. App., 379, 49 S. W., 893. There the plaintiff sued to recover on a benefit certificate formerly issued to a member of the order of the Woodmen of the World. Among other defenses, it was urged that the member in his application for membership had made a false statement with reference to his habits in the use of intoxicants. In reply the plaintiff pleaded estoppel, upon the ground that if the deceased member had made a false statement regarding his habits this fact was known to the officers of the lodge. In one of the questions the jury was required to answer if any of the officers of the camp at the time the deceased was admitted to membership knew that the statement and answers contained in his application were untrue, or if they afterwards ascertained that fact; "and if any of them did know it, then to state which of the officers knew it." To this the jury answered: "As to the officers knowing about questions and answers in application being true or untrue at the time J. D. Fenet joined the Woodmen of the World, we do not

know that the officers knew that answers to questions were true or untrue, or when they found it out." In discussing the objection to the failure of the jury to positively answer the question, the court held that, inasmuch as the plaintiff assumed the burden of proving estoppel, the answer indicated that the evidence was insufficient to enable the jury to find that there was an estoppel, and therefore it could be said that the plea had not been sustained. Without wishing to be understood as here expressing any approval or dissent as to the ruling of the court above referred to, we think it fails to furnish a precedent for the action of the trial court in assuming that the improvements made on the property which the jury found had been purchased with the separate means of the appellant were made with community funds and were therefore subject to a charge for a specific amount in favor of the appellee. To illustrate: The jury in reply to the first question answered that the Thomas place was purchased with the separate funds of Darden, but failed to answer the further question as to the character of funds, whether community or separate, with which it had been improved. Having shown to the satisfaction of the jury that this particular piece of property belonged to him individually, the appellant had made at least a prima facie case in favor of his claim of ownership of the improvements; and it devolved upon the appellee to rebut the case thus made, before it could be said that she had established her claim for reimbursement for one-half the value of those improvements. The general rule as to property acquired during the marriage being presumptively that of the community does not apply to improvements made upon realty shown to be the separate estate of one of the spouses. Welder v. Lambert, 91 Texas, 510, 44 S. W., 281. See also Hunter v. Clayton, 36 S. W., 326. It is true that the burden of proof upon the whole case remains on the party asserting the affirmative of the controversy, but the weight of the evidence often shifts according to the facts proven. If the ruling which the appellee invokes be applied to the situation developed upon the trial in the court below, it would have an effect the reverse of that which is claimed. The right to have Darden's separate property charged with a claim in favor of the community could not be enforced in a suit of this kind in the absence of pleadings and proof of facts sufficient to establish that right. In that sense the relief sought by the appellee was affirmative, and carried with it the usual onus in such cases.

We do not agree to the contention that, in any event, the responses made by the jury in this case to those questions answered with "Can not answer," justified the court in treating this as negative replies to the interrogatories propounded. A positive answer, frequently categorical, is just as important in determining a special issue, when the case may be submitted in that form, as would be a decisive finding for or against the plaintiff, in a general verdict. For the jury to say, "We can not answer the question" is merely to decline to answer. If the jury declines to answer, can the court then say the question has been answered, and proceed to render a judgment? Their inability to answer may be due to a disagreement among themselves.

In view of another trial, we think it proper to call attention to another reason for reversing this judgment. The right of the appellee to any affirmative relief in this case must depend in the first instance upon the character of her pleadings. As to the property called the "home place," the answer, after alleging that it is the separate property of the defendant, says: "If the court should hold that said lot is not her separate property, then she claims judgment for one-half; and if not partnership property, then she says that community funds of J. C. Darden and his last wife were used to put the improvements on said lot to the value of $2000, and defendant is entitled to one-half of same or their value." The answer then proceeds as to the remainder of the property. "Defendant says that all of the other property was purchased with community funds of J. C. Darden and his last wife, who was the mother of this defendant, and this defendant is her sole devisee and she is entitled to one-half of same; and if not entitled to one-half of the lots and improvements, she is entitled to one-half of the improvements because community funds were used to make the improvements. Wherefore she prays that her interest be established and secured, and for partition." The jury found that both the Thomas and Gillum places were paid for with the separate means of the appellant. They failed to answer the questions as to whether the home place was purchased or improved with separate or community funds. They also found that the Gillum place was improved partly with community funds and partly with the separate property of Darden, specifying the amounts.

It will be observed that the court rendered judgment for the appellee for certain amounts as due to the community funds for some of these improvements, especially on the home place. In this respect, we think, the judgment is without any basis in the pleadings. The right of one who asserts ownership of community funds used in the improvement of separate property does not attach to the property in specie, but is only an equitable claim for reimbursement which may be made a charge against the property. Rice v. Rice, 21 Texas, 66; Furrh v. Winston, 66 Texas, 521, 1 S. W., 527; Clift v. Clift, 72 Texas, 149, 10 S. W., 341; Day v. Stone, 59 Texas, 615; Summerville v. King, 98 Texas, 332, 83 S. W., 680. If the appellee had any rights growing out of the fact that a part of her mother's community property had been appropriated by Darden in the improvement of his separate estate, it devolved upon her to plead the amount and character of her claim with sufficient certainty to form the basis of a judgment in her favor for a definite sum. This she has not done, at least as to two of the tracts of land.

For the errors discussed the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*