EASTERN RY. CO. OF NEW MEXICO et al. v. MONTGOMERY.

(Court of Civil Appeals of Texas. San Antonio. June 21, 1911. Rehearing Denied Oct. 4, 1911.)

1. APPEAL AND ERROR (§ 664*)—STATEMENT OF FACTS—BILL OF EXCEPTIONS—CONFLICT.

In case of conflict as to the testimony of a witness, the agreed statement of facts controls the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. § 664.*]

2. NEW TRIAL (§ 52*)—MISCONDUCT OF JURY—QUOTIENT VERDICT.

Where a quotient verdict was experimental only, and not taken with any understanding or agreement that it should control the amount to be allowed, the denial of a motion for a new trial by reason thereof was not an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 101–105; Dec. Dig. § 52.*]

3. CARRIERS (§ 219*)—CONNECTING CARRIERS—TRANSPORTATION OF LIVE STOCK—DAMAGES BY DELAY.

In the absence of a partnership between connecting carriers, the initial carrier is the only one liable under the federal act known as the "Carmack Amendment" (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1909, p. 1166]) for the entire damages connected with a shipment within the terms of the act.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 219.*]

4. CARRIERS (§ 219*)—CONNECTING CARRIERS—TERMINATION OF LIABILITY.

In the absence of a partnership between connecting carriers of live stock, the responsibility of one carrier terminates when the animals are unloaded at the terminus of its line and delivered to the connecting carriers in the pens.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. § 219.*]

5. CARRIERS (§ 219*)—CONNECTING CARRIERS—TRANSPORTATION OF LIVE STOCK—CARS.

One connecting carrier of live stock is under no obligation to let its car be used to continue the transportation by its connecting carrier, and was therefore not liable for alleged delay of the connecting carrier in endeavoring to procure a car in which to continue the shipment.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 219.*]

6. CARRIERS (§ 228*)—CONNECTING CARRIERS—TRANSPORTATION OF LIVE STOCK—DELAY.

In an action against connecting carriers for damages caused by delay in the transportation of live stock, evidence that there was no delivery of the animals to one of the connecting carriers until the expense bill and the car were delivered to such company, and that it took both to make a complete delivery, was inadmissible.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 228.*]

Appeal from District Court, Parmer County; D. B. Hill, Judge.

Action by J. C. Montgomery against the Eastern Railway Company of New Mexico and others. Judgment for plaintiff, and defendants appeal. Judgment reversed as to the Eastern Railway Company, and affirmed as to the other defendants.

N. H. Lassiter, Robert Harrison, Gustavus, Bowman & Jackson, Madden, Trulove & Kimbrough, and Carl Gilliland, for appellants. Barrett & Jones, for appellee.

JAMES, C. J. This is an action by Montgomery against the Eastern Railway Company, the Chicago, Rock Island & Gulf Railway Company, the Chicago, Rock Island & Pacific Railway Company, and the Pecos & Northern Texas Railway Company, the petition alleging injury to a shipment of 40 head of horses shipped from a point about 38 miles south of Carlsbad, N. M., to Elk City, Okl. on October 25, 1907, over the lines of defendants, by being roughly handled and negligently delayed en route. The verdict and judgment were in favor of plaintiff for $1,447, apportioned $247 against the Pecos & Northern Texas Railway Company, $500 against the Chicago, Rock Island & Gulf Railway Company, and $700 against the Chicago, Rock Island & Pacific Railway Company. All the defendants appeal.

[1] We shall consider first the brief of the two last-named appellants. Their first assignment of error complains of the court admitting certain answers of Sam Montgomery to interrogatories Nos. 7 and 8 as follows:

No. 7: "Do you know the reasonable market value of such animals as the plaintiff had in the condition they were on or about the 30th day of October, 1907, in Beckham county, and in and about Elk City and vicinity?" Answer: "No."

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

No. 8: "What was the reasonable market value of these animals at the time they reached Elk City and vicinity, in Beckham county, in and about Elk City and vicinity; that is, what was the market value per head in their condition?" Answer: "I would say that to take them all round, in the condition they were in, they would have been probably worth $12.50 per head."

The proposition is that, the witness having stated that he did not know what was their market value in the condition they arrived at Elk City, he should not have been permitted to make the guess he did in the next answer. The testimony by deposition of Sam Montgomery, as set forth in the statement of facts, shows that he testified that he did not know the reasonable market value of such animals as plaintiff had in the condition they were on or about October 30, 1907, in Beckham county, and in and about Elk City; but that he gave no such testimony as that complained of as indicated as given in answer to interrogatory No. 8. The agreed statement of facts controls the bill of exceptions. The assignment is overruled.

We overrule these appellants' second assignment of error, which claims that the verdict was greater than the evidence warranted.

[2] The third assignment complains of misconduct of the jury under the following proposition: "It appears that this verdict was not reached, as the law contemplates a jury's verdict should be reached, but was the result of allotment and the averaging of the different estimates of each juror. The verdict, reached as the evidence shows it was reached, especially in view of its excessive amount, should be set aside." The statute of February 24, 1905 (Gen. Laws 1905, p. 21), authorizes the district court to hear evidence, including the testimony of the jurors, of misconduct of the jury and to grant a new trial for that reason in its discretion. In this instance there was no abuse of the court's discretion, there being abundant testimony showing that what was done in the way of adding the amounts named by the several jurors and dividing by 12 was experimental only, and not done with any understanding or agreement that it was to control the amount of the verdict. The judgments against the Chicago, Rock Island & Gulf Railway Company and the Chicago, Rock Island & Pacific Railway Company are affirmed.

We next consider the appeal of the Pecos & Northern Texas Railway Company; the jury having apportioned against it damages in the sum of $247. The animals were shipped from a point near Carlsbad on the line of the defendant the Eastern Railway Company, which line connected with the Pecos & Northern Texas Railway Company, the line of which terminated at Amarillo, from which point the connecting carrier was the Chicago, Rock Island & Gulf Railway Company, which line extended to the Oklahoma and Texas boundary line, and from there on the connecting carrier was the Chicago, Rock Island & Pacific Railway Company. The petition alleged a partnership between all these roads. The partnership was denied on oath by the two last-named roads. No partnership was alleged between the Eastern Railway Company and the Pecos & Northern Texas Railway Company. The court charged the jury that the allegation of partnership was not sustained, and this was correct.

[3] There being no partnership, the Eastern Railway Company was the initial carrier, and the one which under the provision of the federal act known as the "Carmack Amendment" (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1909, p. 1166]) would have been liable to plaintiff for the entire damages connected with the shipment, assuming that this shipment came within the terms of said act. This appellant, the Pecos & Northern Texas Railway Company, was not the initial carrier, and not subject to a judgment for the entire damages. We state this in view of appellee's argument that it was liable for the entire damages, and consequently cannot complain of a judgment against it less than the entire damages. This appellant was liable only for such of the damages as were caused on its own line. The petition does not claim any damages as occurring, or having been caused, previous to the arrival of the animals at Amarillo, which point was the terminus of this appellant's line. Therefore it must appear that it was guilty of some act of negligence at Amarillo, causing damage to the shipment. The testimony shows that, when the shipment arrived at Amarillo, this appellant placed and held same on a side track for several hours before they were taken to the pens where it was necessary to place them for feed, water, and rest. The car in which they arrived was taken away by the appellant, and appellant refused to let it be used on the line of the connecting carrier. The Chicago, Rock Island & Gulf Railway Company had no car in which to ship them out, and it appears that, in consequence of this, the Rock Island did not send a car down to the pens for these animals until after they had been in the pens about two days, and then they were loaded and carried on in the same car they had come in on, the Eastern Railway Company finally consenting for some reason to its car being used.

[4,5] Under the testimony, this appellant's responsibility terminated when the animals were unloaded and delivered in the pens at Amarillo. It was under no obligation to let its car be used by another road. G., C. & S. F. Ry. Co. v. State, 120 S. W. 1029. This appellant, so far as we can see from the evidence, was not liable for the delay at Amarillo after the animals were unloaded in the pens. If liable at all, it would be on ac-

count of the unexplained delay on the side track, which the evidence showed was from one to four hours.

[6] The fifth assignment of error by this appellant complains of certain testimony of J. D. Calloway being admitted. The substance of his testimony was that there was no delivery of these animals to the Chicago, Rock Island & Gulf Railway Company until the expense bill and the car were delivered to that company, and that it took both to make a complete delivery. The testimony was improper. It was prejudicial, in that it conveyed the idea that the Chicago & Rock Island was entitled to be furnished a car by appellant for the transaction of its business. It was calculated to convey the impression that this appellant was responsible for delays occurring after the animals were unloaded in the pens.

The third assignment of this appellant complains of the refusal of a charge to the effect that no legal duty rested upon it to furnish a car to go beyond its own line of road, and to not consider any damages, if any, resulting to plaintiff's stock at Amarillo on account of alleged delay in procuring a car in which to ship said stock out of Amarillo, etc.

Appellant was entitled to this instruction. For these errors, the judgment against this appellant is reversed, and the cause remanded. Affirmed as to other appellants.