FT. WORTH & D. C. RY. CO. et al. v. HILL et al. (No. 1528.)

(Court of Civil Appeals of Texas. Amarillo. May 24, 1919. Rehearing Denied June 25, 1919.)

1. CARRIERS ⬤═══223—LIVE STOCK SHIPMENT—LIABILITY OF CARRIER—DAMAGES.

Shipper cannot recover from carrier for damage to live stock sold after shipment under an option contract entered into before shipment for a price agreed upon.

2. CARRIERS ⬤═══223—LIVE STOCK SHIPMENT—LIABILITY OF CARRIER—SALE UNDER OPTION.

Shipper's right to recover damages against carrier for damage to cattle was not affected by sale of cattle two weeks after arrival at destination to buyer who had option before shipment to purchase the cattle, where, upon arrival of cattle, buyer had refused, because of damages they had sustained, to purchase the cattle and terminated the contract; the subsequent sale not having been made under option.

3. CARRIERS ⬤═══228(3)—LIVE STOCK SHIPMENT—ACTION FOR DAMAGES—EVIDENCE.

In action for damage to shipment of cattle, evidence as to the condition of the cattle at the time of their sale, ten days or two weeks after arrival at destination, was admissible as tending to show the actual and real condition of the cattle and the true extent of the damages sustained.

4. CARRIERS ⬤═══227(3)—LIVE STOCK SHIPMENT—EXTRA FEED AND LABOR—PROOF OF REASONABLE CHARGES.

Shipper suing carrier for damages to live stock shipment cannot recover for expenditures for extra feed. and labor necessitated by negligent delay, in absence of evidence that the charges paid for such feed and labor were reasonable.

5. CARRIERS ⬤═══219(5)—LIVE STOCK SHIPMENT—LIABILITY OF INITIAL CARRIER—CONNECTING CARRIERS.

Where cattle were shipped by initial carrier and other connecting carrier, the initial carrier was liable for the entire damages sustained in the shipment; but each of the connecting carriers was liable only for such damages as may have resulted in consequence of its own negligence.

Appeal from District Court, Baylor County; J. H. Milam, Judge.

Action by L. E. Hill and another against the Ft. Worth & Denver City Railway Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner and Alfred McKnight, all of Ft. Worth, and Dickson, Kennan & Newton, of Seymour, for appellants.

Bert King, of Wichita Falls, for appellees.

BOYCE, J. The appellees, L. E. Hill and George Knight, recovered of the appellants, the Wichita Valley Railway Company, the Ft. Worth & Denver City Railway Company, J. L. Lancaster and Pearl Wright, receivers of the Texas & Pacific Railway Company, judgment for damages to a shipment of cattle transported over the lines of said railway companies from Goree, Tex., to Levesque, Ark. No question is raised as to the sufficiency of the evidence to sustain the finding of negligent delay and consequent damages, to the cattle in the shipment.

[1-3] Under the first assignment, it is claimed that the appellees were entitled to recover for only one-half of the damages sustained by the cattle in the shipment, because, it is asserted; the evidence shows that Martin & Block, prior to the shipment, had an option to purchase a one-half interest in the cattle upon arrival at destination, and that they did purchase under said option contract and paid the plaintiffs the price for the cattle stipulated in such contract. If this conclusion as to the effect of the evidence were correct, the assignment would be well taken. H. & T. C. Ry. Co. v. Lewis, 185 S. W. 593. Plaintiff's evidence as to this matter is to the effect that the said Martin & Block had the privilege of buying the cattle on arrival at destination "if they arrived there in satisfactory condition and they thought they were going to live"; that on arrival said Martin & Block refused to buy them on account of their condition, stating that they "thought half of them were going to die." Ten days or two weeks thereafter, during which time a few head of the cattle died, the plaintiffs sold one-half interest in the cattle to the said Martin & Block at the same price per head as under the option contract. The statement of the terms of the option contract and subsequent transactions would justify the conclusion that the option was at an end when Martin & Block refused to take the cattle on arrival. Under such circumstances, Martin & Block were not bound to take the cattle, and plaintiffs were no longer bound to sell to them. During the ten days or two weeks after arrival and before the sale, the cattle were being held at plaintiffs' risk; had a severe storm occurred and a large per cent. of the cattle been lost during such time, it would have been their loss alone. They presumably did not receive pay for the few head that died before Martin & Block finally decided to take the half interest in the cattle. The sale to Martin & Block, under such circumstances, could affect plaintiffs' right to recover for the damages sustained by the cattle no more than a sale to any one else at any time after the arrival of the shipment. Evidence as to the condition of the cattle at the time of such sale, etc., was admissible as tending to show the actual and real condi-

⬤═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion of the cattle and the true extent of the damages they had sustained in the shipment. Ft. Worth & Denver City Railway Co. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; A., T. & S. F. Ry. Co. v. Word, 159 S. W. 382.

An answer to the two special issues, submission of which was requested by appellant and refused by the court, which action of the court is complained of by the second assignment, would not have furnished any basis on which a judgment could have been rendered. The answer to these issues would have established the terms of the option contract and the subsequent purchase by Martin & Block, as we have already stated them in the discussion of the first assignment.

[4] The appellees recovered $125, in compensation for expenditures for extra feed and labor in the transportation of the cattle required as a result of the negligent delay. There was no evidence introduced to show that the charges so paid for such extra feed and labor were reasonable. Under this state of the evidence, no recovery for these items could be had. T. & P. Ry. Co. v. Powell, 34 Tex. Civ. App. 575, 79 S. W. 86; Rapid Transit Co. v. Williams, 136 S. W. 267; G., H. & H. Ry. Co. v. Hodnett, 155 S. W. 678; Tarrant County Traction Co. v. Bradshaw, 185 S. W. 951.

[5] The judgment was against all the carriers jointly for the full amount of the damages awarded by the jury. The pleading and evidence does not authorize such judgment. The initial carrier was under the law liable for the entire damages sustained in the shipment; but each of the other connecting carriers was liable only for such damages as may have resulted in consequence of its own negligence. Plaintiffs could sue all of the carriers in one suit, but a recovery against any defendant other than the initial carrier would be dependent upon an ascertainment of the amount of the damage occurring on the line of such defendant. A., T. & S. F. Ry. Co. v. Boyce, 171 S. W. 1094; Eastern Railway Co. of New Mexico v. Montgomery, 139 S. W. 885; Hudson v. Railway Co. (D. C.) 236 Fed. 30.

For these reasons, the judgment will be reversed, and the cause remanded.