PANHANDLE & S. F. RY. CO. et al. v. CLARENDON GRAIN CO. et al. (No. 1552.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 15, 1919. On Motion for Rehearing, Nov. 12, 1919.)

1. EVIDENCE ⬥⟿318(1)—COPY OF ACCOUNT SALES; PERSONAL KNOWLEDGE OF WITNESS.

A copy of account sales was not objectionable as hearsay, where witness testified from his own knowledge that the copy was correct.

2. EVIDENCE ⬥⟿373(6) — ACCOUNT SALES; AUTHENTICATION OF COPIES. '

One who did not personally weigh cattle could nevertheless testify as to the correctness of a copy of account sales, if he was present when the cattle were weighed.

3. TRIAL ⬥⟿252(7) — INSTRUCTIONS UNSUPPORTED BY EVIDENCE HELD ERRONEOUS.

In an action against initial carrier and connecting carriers for loss of cattle, the court erred in submitting an issue as to the liability of the connecting carriers, where the evidence was undisputed that the cattle were lost while in the hands of the initial carrier.

4. DEPOSITIONS ⬥⟿83(4)—MOTION TO SUPPRESS; TIME OF MAKING.

In an action against several defendants, the term of court at which some of the defendants were required to answer, previous to which a deposition was filed, was the first term after such deposition had been filed, within the provisions of Rev. St. 1911, art. 3676, and such defendants were required to make their motion to suppress the depositions at such term of court, and could not wait until a later term of court, at which the other defendants were required to answer.

5. APPEAL AND ERROR ⬥⟿920(6)—SUPPRESSING DEPOSITION; PRESUMPTION AS TO REGULARITY OF RULING.

On appeal in an action where there were several defendants, and where a deposition was filed prior to the convening of the full term of court, on the first day of which the court entered an order to the effect that service in said cause was not complete, and the cause was continued until the next term of court, it will be assumed, in support of a ruling of the court overruling a motion to suppress the deposition, made by all the defendants jointly at the second term of court, that at least part of the defendants were required to answer at the first term of court.

6. DEPOSITIONS ⬥⟿83(4)—MOTION TO SUPPRESS; TIME OF MAKING.

A general motion made by several defendants jointly to strike out depositions filed before a prior term of court was properly overruled, where part of the defendants were required to answer at the prior term of court, but made no motion to suppress at that time.

7. EVIDENCE ⬥⟿370(4)—UNLOADING CERTIFICATE; NECESSITY OF AUTHENTICATION.

An unloading certificate made out by a stock yards company, and furnished a witness, was improperly admitted in evidence, where there was no testimony from any one who had any connection with its making to show that it correctly stated the facts recited therein.

8. EVIDENCE ⬥⟿591—CONCLUSIVENESS AS TO PARTY OFFERING.

Where plaintiff offered an unloading certificate in evidence, it became his own evidence, subject to any legal objections as to its introduction, although brought out by cross-interrogatories propounded by defendant, who did not offer it.

9. CARRIERS ⚫230(12)—DAMAGES TO CATTLE; SHRINKAGE IN WEIGHT FROM DELAY.

In action against a carrier for damages from delay in shipment of cattle, court properly submitted shrinkage in weight of cattle as an element of damage, where there was evidence as to what the weight of the cattle should have been on the market had they been transported at the usual time, and as to what the cattle actually weighed when they were sold on the market.

10. CARRIERS ⚫219(8)—LIMITATION OF LIABILITY; INITIAL CARRIER.

Where cattle were shipped over three lines under a contract that "the carrier shall not be held or deemed liable for anything in connection with said stock beyond its own line of road, and in no event shall one carrier be liable for the negligence of another," such condition "to inure to the benefit of all carriers," the initial carrier was liable for the entire damage, where cattle were lost while the shipment was in its hands and there was shrinkage by reason of delay on all of the lines.

11. TRIAL ⚫345—OBJECTIONS TO VERDICT; WAIVER.

In an action for loss in shipment of stock under a contract wherein connecting carriers were only to be liable for damages occasioned by their own negligence, connecting carriers did not waive an objection to entry of a joint judgment against them for damages by failing to object to the reception of verdict holding them jointly liable.

12. CARRIERS ⚫219(8)—LIMITATION OF LIABILITY; CONNECTING CARRIER.

Where cattle were shipped over three lines under a contract that "the carrier shall not be held or deemed liable for anything in connection with said stock beyond its own line of road, and in no event shall one carrier be liable for the negligence of another," such contract "to inure to the benefit of all carriers," the liability of a connecting carrier was confined to such damages as might result from its own negligence, and there was no joint liability between the connecting carriers.

On Motion for Rehearing.

13. TRIAL ⚫329, 339(2)—VERDICT; RESPONSIVENESS TO ISSUES.

Where court instructed jury to assess damages separately against connecting carriers, a verdict assessing damages against the connecting carriers jointly was not responsive to the issues, and it was the duty of the court to call the jury's attention thereto, and send them back for further deliberation, and, having failed to do so, no judgment could be rendered, in view of Rev. St. 1911, art. 1981.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Suit by the Clarendon Grain Company and others against the Ft. Worth & Denver City Railway Company and Panhandle & Santa Fé Railway Company and the Atchison, Topeka & Santa Fé Railway Company. Judgment for plaintiffs and the last two named defendants appeal. Affirmed as to first-named defendant, and reversed and remanded as to appealing defendants.

W. C. Reid, of Albuquerque, N. M., and Madden, Trulove, Ryburn & Pipkin and F. A. Cooper, all of Amarillo, for appellants.

W. T. Link, of Clarendon, for appellees.

BOYCE, J. The Clarendon Grain Company et al. sued the Ft. Worth & Denver City Railway Company, the Panhandle & Santa Fé Railway Company, and the Atchison, Topeka & Santa Fé Railway Company for damages to a shipment of 117 head of cattle from Lelia Lake, Texas, to Kansas City, Mo. The shipment passed over the lines of the respective companies named in the course of their transportation. Ten head of cattle were lost, and the others damaged by delays, the total damages sustained being determined by the jury to be $1,760.85, of which amount $427.50 was adjudged against the Ft. Worth & Denver City Railway Company, and $1,335.35 against the Panhandle & Santa Fé Railway Company and the Atchison, Topeka & Santa Fé Railway Company jointly. The two last-named carriers have alone appealed. Such further statement of the pleading and evidence as is necessary will be made in connection with the discussion of the various assignments presented.

[1, 2] By the first assignment appellant complains of the admission of a copy of account sales of the cattle attached to the depositions of the witness H. C. Baker, it being urged that this testimony is hearsay. It may be inferred from the testimony that the original account sales, containing a statement of the weights, prices received for the cattle, etc., were made by the witness. At any rate, the witness testifies that the account sales, as made, was correct, and it thus appears that the witness was testifying from personal knowledge. The cross-interrogatories referred to by appellant, in his statement under this assignment, while they showed that the witness did not personally weigh the cattle, do not show that he was not present when they were weighed, in which event he would be competent to testify as to the correctness of the account sales in this respect.

[3] The evidence seems to be undisputed that 10 head of the cattle were lost before the cattle were delivered to the appellant carriers, and the court erred, as asserted by the second, third, and fifteenth assignments of error, in submitting an issue as to the liability of the appellants for the loss of these cattle. As we reverse the case on other grounds, we need not determine whether this error is shown to

be harmless or might be cured by remittitur, as suggested by appellee.

[4-6] We overrule those assignments which complain of the overruling of appellant's motion to suppress the depositions and parts thereof of the witnesses Shriver and Baker. These depositions were on file prior to the convening of the July, 1918, term of court. On the first day of that term the court entered an order to the effect that, "it appearing to the court that service in said cause is not completed, the same is therefore continued until the next term of said court to perfect service." The defendants Ft. Worth & Denver City Railway Company and the Panhandle & Santa Fé Railway Company filed answers at such term, and the person upon whom service had been had as agent of the Atchison, Topeka, & Santa Fé Railway Company filed affidavit as amicus curiæ, denying that he was an agent of said company. The motion to suppress the deposition and parts thereof was not filed until the January, 1919, term of the court. The record does not show that the July term of the court was not the appearance term as to some of the defendants. As to any defendants who would have been required to answer at this term, we take it that such term would be the first term after the depositions had been filed, within the provisions of article 3676, Rev. St. It appears quite probable from the record that the July term was the appearance term of the court as to all of the defendants, except the Atchison, Topeka & Santa Fé Railway Company. The court below had the citations before it, and was in position to determine such matter; and in support of the ruling on these motions we assume, particularly in view of the qualification attached to the bill of exceptions, indicating that his ruling was based on this ground, that at least as to some of the defendants an answer was required at the July term. If this be true, a general motion, such as was made by the appellants jointly, to strike out the depositions, was properly overruled.

We do not think there was any error in the admission of the testimony referred to in the sixth assignment.

We do not think there was any abuse of discretion in the admission of the answer of the witness to the question referred to in the eighth assignment.

[7, 8] The unloading certificate referred to in the tenth assignment was improperly admitted in evidence. This certificate was made out by the Stock Yards Company and furnished the witness, and there is no testimony from any one who had any connection with its making to show that it correctly states the facts recited therein. When the plaintiff offered the testimony it became his own evidence, subject to any legal objections as to its introduction, although brought out by cross-interrogatories propounded by defendants, who did not offer it. Magee v. Paul, 159

S. W. 325; Reed v. Holloway, 127 S. W. 1192; McCutchen v. Jackson, 40 S. W. 177.

We do not think that the statement of the contents of the letter referred to in the eleventh and twelfth assignments of error was admissible.

We are not referred to anything in the record which sustains the statement made in the bill of exception that the witness was not giving from his personal knowledge the testimony referred to in and made the basis of the thirteenth assignment.

Under the fourteenth assignment it is contended that the testimony of the witness Taylor, as to the market value at Kansas City of certain of the cattle, was not admissible because the witness was not qualified to testify as to the market on the particular days referred to. It appears from the examination of the witness that his knowledge of the market at the time mentioned was based on weekly statements or market reports sent him by commission companies in Kansas City. We infer, though the record does not make the matter very clear, that these reports were the commission companies' own statements and conclusions as to the market during the week, and were perhaps issued in the form of a circular letter. The authorities are not in accord as to the admissibility of the opinion of a witness thus qualified. T. & P. Ry. Co. v. Slator, 102 S. W. 156; contra, Texas Central Ry. Co. v. Fisher, 18 Tex. Civ. App. 78, 43 S. W. 584. See, also, T. & P. Ry. Co. v. Donovan, 86 Tex. 378, 25 S. W. 10; I. & G. N. Ry. Co. v. Dimmitt County Pasture Co., 5 Tex. Civ. App. 186, 23 S. W. 755; Houston Packing Co. v. Griffith, 164 S. W. 431; Enc. of Evidence, vol. 13, p. 563. In view of the conflict in the holdings, we suggest that it would be the safer policy upon another trial to reject the evidence unless the witness shows further qualification, though we do not undertake to say what our own holding would be if this were the only question presented on appeal.

[9] There is evidence as to what the weight of the cattle should have been on the market had they been transported in the usual time, and there is also evidence as to what the cattle actually weighed when they were sold, so that we do not think there is any merit in the sixteenth assignment, which complains of the charge because it submits an element of damage on account of shrinkage in weight of the cattle; nor do we think that the charge, taken as a whole, could be understood by the jury as warranting a recovery for the natural shrinkage in transit.

We do not think the charge is on the weight of the evidence, as contended in the seventeenth, eighteenth, nineteenth, and twentieth assignments.

[10-12] The twenty-first assignment complains of the entry of a joint judgment against the two appellants. We think such action

was erroneous. The plaintiff pleaded that the defendants Ft. Worth & Denver City Railway Company, the Panhandle & Santa Fé Railway Company, and the Atchison, Topeka & Santa Fé Railway Company were each railway corporations, operating specifically named portions of railway lines between Le-lia Lake and Kansas City, Mo.; that the Ft. Worth & Denver City Railway Company was the initial carrier, and made a contract with plaintiff, covering the shipment, and under which the shipment moved over the lines of the respective railway companies. This contract was in evidence, and by its terms it was agreed that "the carrier shall not be held or deemed liable for anything in connection with said stock beyond its own line of road, * * and in no event shall one carrier be liable for the negligence of another." It was also agreed that the conditions of said contract should "inure to the benefit of all carriers transporting the live stock shipped hereunder." The plaintiff prayed for judgment against the defendants jointly and severally for his said damages. The defendants, including the appellants, pleaded the contract limiting the liability, as above set out. It appears from the evidence that 10 head of cattle were lost before delivery to the Panhandle & Santa Fé Railway Company, and that the shipment was subject to various delays occurring along the lines of each of the defendant carriers. No partnership or other fact showing any joint liability between the appellants were alleged or proven. The court charged the jury, in the event they should find for the plaintiff, "You may apportion the damages that you find for plaintiffs, if any, against the defendants, and assess against each defendant such damages as such defendant caused to accrue." The jury returned the following verdict: "We, the jury, find for the plaintiffs and against the defendants, and assess damages at $1,760.-50, divided as follows: $427.50 to be paid by the Ft. Worth & Denver City Railway Company, and $1,335.35 to be paid by the defendants Panhandle & Santa Fé Railway Company and the Atchison, Topeka & Santa Fé Railway Company jointly." Judgment was entered in accordance with this verdict. The Panhandle & Santa Fé Railway Company and the Atchison, Topeka & Santa Fé Railway Company have alone appealed, and no complaint is made by any one as to the judgment against the initial carrier, the Ft. Worth & Denver City Railway Company. Under the facts stated, the initial carrier, the Ft. Worth & Denver City Railway Company, was liable for the entire damage, but the liability of

either of the appellants, as connecting carriers, was confined to such damage as might result from the negligence of the particular carrier and there was no joint liability between them. M., K. & T. Ry. Co. v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. Ed. 1213; Ft. Worth & Denver City Ry. Co. v. Hill, 213 S. W. 952; Eastern Railway Co. of N. M. v. Montgomery, 139 S. W. 885; A., T. & S. F. Ry. Co. v. Boyce, 171 S. W. 1094. The appellee contends that, since the appellants did not object at the bar to the reception of the verdict, they waived objection thereto and the entry of judgment in accordance therewith. We have been referred to no authority, and have found none, which supports this position. If the liability of the two appellants was several and distinct, and not joint, the verdict and judgment rendered thereon was not merely defective or informal, but positively erroneous. Filgo v. Citizens' National Bank, 38 S. W. 237. In our opinion the objection in the motion for a new trial was sufficient to support an assignment complaining of this error.

The judgment will be affirmed as to the Ft. Worth & Denver City Railway Company, and reversed and remanded as to the appellants the Panhandle & Santa Fé Railway Company and the Atchison, Topeka & Santa Fé Railway Company.

### On Motion for Rehearing.

[13] The authorities cited by appellee in support of its insistence that any error in the verdict and judgment rendered thereon was waived by the appellants when they did not object to the receipt of the verdict all relate to verdicts that were defective in form. If we are correct in the conclusion that the liability of the defendants in this case is several and not joint, then the verdict and judgment based thereon, imposing a joint liability, is erroneous in the same way that a verdict and judgment for an excessive amount would be; and we have never heard of its being contended that, in order to complain of a verdict and judgment for being excessive, it is necessary to object to the receipt of the verdict. In addition to this, the verdict was not responsive to the issues, and under the statute it was the duty of the court to have called the jury's attention thereto, and sent them back for further deliberation. R. S. art. 1981. Having failed to do this, no judgment can be rendered on their verdict. Darden v. Taylor, 60 Tex. Civ. App. 73, 126 S. W. 944.

The motion for rehearing will be overruled.