## BUTLER v. TYER.   (No. 1361.)

(Court of Civil Appeals of Texas. El Paso. Oct. 26, 1922. Rehearing Denied Nov. 23, 1922.)

**1. Appeal and error ⟐759 — Rule requiring brief to copy assignments below inapplicable where such assignments not relied on on appeal.**

Rule 32 (230 S. W. vii), providing that the brief shall contain verbatim copies of only such of the assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal, is not applicable where none of the assignments filed in the trial court are relied upon, and in such case plaintiff in error is not required to copy in his brief the assignments filed below.

**2. Trial ⟐351(2)—Failure to require submission of issue of lien to jury held a consent to decision by court.**

In a contractor's action against an owner of a building for a balance due under the contract and for foreclosure of a lien therefor, defendant, by failing to request submission of the issue of the lien to the jury, consented that the court should decide it, in view of Rev. St. 1911, art. 1985.

**3. Mechanics' liens ⟐263(4)—Owner's vendee who had surrendered interest held not a necessary party in foreclosure of lien.**

Where an owner of a building contracted with plaintiff for alterations, and subsequently sold the building to a third party, who directed extra work to be done, but the original owner afterwards took the building back from such third party, and there was no issue by either the contractor or the owner as to such third party, the third party was not a necessary party in a suit by the contractor against the owner on the contract and to foreclose his lien.

Error from District Court, Eastland County; E. A. Hill, Judge.

Action by W. A. Tyer against J. E. Butler and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Scott, Brelsford, Funderburk & Ferrell and R. B. Truly, all of Eastland, for plaintiff in error.

Dabeny & Callaway and W. F. Kelly, all of Eastland, for defendant in error.

WALTHALL, J. This suit was originally instituted by W. A. Tyer, defendant in error, against J. E. Butler, plaintiff in error, and James A. Carrigan, to recover a balance alleged to be due upon a contract in writing between said Butler and Tyer, of date March 17, 1919, in which contract Tyer agreed to furnish all material, labor, etc., and erect a second story on what was known as the J. E. Butler drug store building in Eastland, for the consideration of $6,000, which sum Butler agreed to pay as follows: Material bills as the material for the building arrives, and 80 per cent. of the cost of labor and other costs as the work progressed; the balance of 20 per cent. to be paid on the completion of the building. The work was to begin at once and pushed to completion as quickly as possible, following strictly the specifications as set out. Butler was to visit the work as the building progressed and see that the arrangement of the offices was satisfactory while the work was in progress, to avoid extra work and cost. In the course of the construction of the building Butler contracted its sale to Carrigan, and so advised Tyer, and advised Tyer to look to Carrigan for the further consideration in the construction of the building. Thereafter, in pursuance of the original contract and the sale to Carrigan, and at the suggestion of Carrigan, Tyer did extra work, not contemplated in the original contract, and for which he sued. Tyer alleged performance on his part of the contract and a breach of the contract on the part of Butler. He further alleged that he has a lien on said lot and building thereon, both under the Constitution and laws of this state, and prayed for a foreclosure of the lien. The several issues presented in the petition are reflected in the findings of the jury stated hereafter. The suit was dismissed as to Carrigan, as was also the intervention entered by Barnes Electric Company. Butler answered by exceptions, general denial, and by cross-action against Tyer claiming damages by reason of Tyer's failure to complete the building according to contract, and because of delay in its completion thereby causing a loss of rentals, stating the amount, for which he asked judgment.

The case was tried with a jury, and submitted upon special issues. In response to the issues submitted the jury found in substance the following:

(1) Tyer demanded of Butler payment for material furnished and labor performed on the building additional to the amount of $2,100 and $193, both items admitted and allowed by Tyer and paid prior to the time Tyer abandoned the building.

(2) Butler failed and refused to pay money demanded by Tyer for labor and material on the building, up to the time of the abandonment of the building by Tyer.

(3) Tyer abandoned the work on the building in the latter part of July, 1919.

(4) Tyer abandoned the work on the building because Butler failed to pay for labor done and material furnished on the building.

(5) Butler never did authorize Tyer to change the plans of said building and do work thereon additional to that to be performed under the original contract between Butler and Tyer, and agree to become responsible for same.

(6) Tyer did change the plans of said building and make alterations thereon at the request or instruction of Carrigan.

(7) The amount of material furnished and labor done in making said alterations was $1,070.

(8) As the building stands it is not in "substantial compliance with the original contract to the extent of its present construction between Butler and Tyer."

(9) The cost of restoring the building as it now stands to the plan originally agreed upon between Butler and Tyer is $200.

(10) It would have cost Tyer $2,000 in the summer of 1919 to have completed the building as it now stands.

(11) To have completed the building taking it as it now stands and constructing such building in accordance with the plans of Tyer and Butler, it would have cost, in the summer of 1919, $2,200.

(12) Tyer had notice at the time of the execution of the contract the purpose for which Butler was erecting the building with reference to its use for rental purposes.

(13) Butler has sustained no damage in loss of rentals by reason of the failure of Tyer to complete the building within a reasonable time.

On the verdict returned and the evidence heard the court rendered judgment in favor of Tyer and against Butler in the sum of $1,670, and foreclosed a constitutional lien on said property in favor of Tyer.

Butler filed a motion for a new trial, which was overruled by the court.

Defendant in error moved this court to dismiss the appeal, and not consider the assignments of error in the brief of plaintiff in error, for the reason that the case is not briefed under the rules for briefing cases in these courts, in that the assignments of error in the brief are not verbatim copies of the assignments of error filed in the lower court.

The grounds set up in the motion for a new

trial constitute the only assignments of error found in the record. The grounds set up in the motion for a new trial in the lower court are not copied in the brief of plaintiff in error, nor are any one of the propositions presented in the brief a substantial copy of any one of the grounds for a new trial contained in the motion for a new trial, and not submitted as copies or substantial copies of the grounds for a new trial, but as "propositions submitted upon the face of the record," and not embraced in the assignments of error.

The main point sought to be presented in the brief is to the effect that, while the petition of defendant in error claimed a lien, both constitutional and statutory, upon the property upon which the material and labor were furnished by him, and plaintiff answered by general denial, the trial court did not submit to the jury the issue of the lien upon the property, but in the judgment rendered the court granted a foreclosure of the lien as given in the Constitution. It does not appear from the record that either party suggested to the trial court the submission of the issue of the lien. It is the contention of plaintiff in error that this court cannot look to the evidence as found in the record as sustaining the judgment, but must look alone to the verdict of the jury as the only basis upon which any judgment can be rendered. The matter complained of occurred in the trial of the case, and before the motion for a new trial was filed and heard, and not thereafter, and the motion for new trial did not call the attention of the trial court to the supposed error now presented.

[1] Rule 32 (230 S. W. vii), sought to be invoked by defendant in error in the motion, provides that the brief shall contain verbatim copies of only such of the assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal, but plaintiff in error, not relying on any one of the assignments filed in the trial court, would not be required to copy in his brief the assignments filed in the trial court. So that the grounds stated in the motion of defendant in error, as we view and construe it, have no application to the matters presented in the brief as filed. .

The motion is not sustained. Nor do we think that the contentions of plaintiff in error can be sustained. The pleadings raised the issues of the liens upon the property. The case was submitted to the jury upon special issues. The complaint of defendant in error is to the effect that the issues as to the liens was not submitted to the jury, but the lien was foreclosed by the judgment. While article 1985, Revised Texas Civil Statutes, provides that it is the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleadings, the failure to submit any issue shall not be deemed a ground for reversal of the judgment unless its submission has been requested in writing by the party complaining of the judgment, and that an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such judgment. It is not suggested that the evidence does not sustain the judgment granting and foreclosing the lien, but that, the issue of the lien not having been submitted, the court was not authorized to grant and foreclose the lien by its judgment. The record does not show that plaintiff in error requested the submission of the issue of the lien, but the contrary. It follows that no ground for reversal of the judgment is shown by reason of the fact that the judgment granted and foreclosed the lien, if the judgment granting and foreclosing the lien is supported by the evidence.

[2] The evidence clearly shows that defendant in error furnished both the material and labor for the erection of the building. Plaintiff in error, by his failure to request the submission of the issue of the lien, consented that the court should decide it. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132; Bobbitt v. Bobbitt (Tex. Civ. App.) 223 S. W. 479 (on rehearing) ; Sanger v. Futch (Tex. Civ. App.) 208 S. W. 686; Darden v. Taylor, 60 Tex. Civ. App. 73, 126 S. W. 944. Plaintiff in error presents other propositions. What we have said in discussing the above proposition applies to them. Some of the propositions are purely abstract propositions of law, are not followed by statements, and we are uncertain as to their exact and definite application intended by plaintiff in error. We think, from the issues found by the jury and the evidence found in the record, it was a matter of simple calculation to determine that Butler owed Tyer the sum of $1,670 for which judgment was rendered.

[3] After some of the material was furnished and work done on the building while Carrigan was in charge, and for which the evidence shows Carrigan paid Tyer, Butler took back the building from Carrigan. There is no issue presented by either Tyer or Butler as to Carrigan. In the amended petition Carrigan was not made a party to the suit, the court in the judgment dismissed as to Carrigan, and, while plaintiff in error suggests that Carrigan was a necessary party, we are unable to see wherein he was a necessary party, and plaintiff in error does not point out wherein Carrigan is interested in the result of the suit.

Finding no reversible error, the case is affirmed.