JOHN SCANLON V. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY
COMPANY.

Decided February 20, 1907.

**Appeals—Briefs—Rules.**

   Where the brief of appellant does not show in and of itself what the issues
in the case were; or when the propositions are not germane to the assignment
of error under which they appear; or when it is not shown in the brief that
evidence objected to was in fact introduced, nor what objection was urged to
the same, nor that exception was taken to the action of the court; or when
the assignments of error are not copied into the brief, the brief is fatally de-
fective. Brief considered, and held to illustrate the defects mentioned.

Error from the District Court of Bexar County. Tried below before
Hon. A. W. Seeligson.

*David J. Powell*, for plaintiff in error.

*Baker, Botts, Parker & Garwood, Newton & Ward* and *W. B. Tea-
garden*, for defendant in error.

NEILL, ASSOCIATE JUSTICE.—The plaintiff in error's brief is ex-
cepted to, and asked not to be considered, by the defendant in error be-
cause not in compliance with the rules prescribed by the Supreme Court
for briefing causes. The exceptions to the brief are well taken as we
shall now proceed to demonstrate.
   The plaintiff, in preparing his brief, makes the following preliminary
statement of the nature and result of the suit: "John Scanlon, plaintiff
in error, sued the G. H. & S. A. Ry. Co. for its refusal, failure and neg-
lect to furnish plaintiff with the medical and surgical treatment, medi-
cines, nursing, maintenance, care, hospital privileges and benefits that
he needed by reason of personal injuries sustained by him while in de-
fendant's employ; and which plaintiff alleged defendant owed him under
defendant's promise, agreement and understanding with plaintiff so to
do, and by reason of defendant's deduction therefrom of fifty cents from
plaintiff's monthly wages, the measure of damages claimed by plaintiff

being the value of what it might reasonably have cost plaintiff to obtain such benefits. The trial resulted in a verdict for defendant."

The first assignment of error is: "The court erred in admitting defendant's Secret Rule-Blank Form of Express Contract in evidence over objections of plaintiff in error, and binding plaintiff thereunder as a matter of law, to wit: 9-02-125 Bks.                3-H-6.

Original-No-D--55601

—————————————190

I.have become an employe of the ——————— Rail Road Company, and agree that fifty cents shall be retained from my wages each month for the Hospital Fund, to be used for the care and treatment of personal injuries or sickness incident to the service and contracted while in the employment of said company. Such treatment to be for no greater length of time than the period I have contributed to said fund, but in no event to exceed one year.

Witness —————————.        ——————————

As fully set forth in plaintiff's bill of exceptions No. 10, Trans. p. 141."

The proposition under this assignment is as follows: "The Defendant's Secret Rule and Bastard Form of Memorandum Agreement or Express Contract, printed on September 2, 1902, eight months subsequent to the date of plaintiff's employment, that was shown to have never been communicated to defendant's employes, nor brought to plaintiff's attention and of which plaintiff had no knowledge, was incompetent and inadmissible for the purpose of binding plaintiff."

Rule 24 for the Courts of Civil Appeals is: "The assignments of error must distinctly specify the grounds of error relied on, and a ground of error not distinctly specified, in reference to that which is shown by the record, or not specified at all, shall be considered as waived, unless it be so fundamental as that the court would act upon it without an assignment of error, as mentioned in rule 23." And rule 30 requires that each point under each assignment shall be stated as a proposition, unless the assignment itself may sufficiently disclose the point. And rule 31 provides that there shall be subjoined to each proposition a brief statement of such proceedings contained in the record, as will be necessary and sufficient to explain and support the proposition.

We are unable to perceive any distinct specification of a ground of error relied on in the assignment of error quoted. Nor can we detect any point in the proposition under the assignment. The point stated in a proposition must project from the assignment to which it relates. And if there is no point in the assignment of error, there can be none in the proposition under it. The assignment seems to be directed against the action of the court in "admitting defendant's Secret Rule-Blank Form of Express Contract in evidence over objections of plaintiff in error and binding plaintiff thereunder as a matter of law." The proposition relates to "Defendant's Secret Rule and Bastard Form of Memorandum Agreement or Express Contract," which can not be said to be the *thing*

referred to in the assignment from any judicial knowledge we have on the subject. It is not shown by the statement in the brief that either the "Secret Rule Blank Form of Express Contract," referred to in the assignment, or the "Secret Rule and Bastard Form, etc.," mentioned in the proposition, was introduced in evidence. Nor does it appear what objection was interposed by plaintiff to the introduction of either; nor how the court bound plaintiff under the one or the other "as a matter of law."

We might, if permitted, perhaps, guess the point intended to be raised by the assignment and exposed by the proposition. But, then, we would have to guess whether it was sustained by the record. For it does not appear from the brief that a bill of exceptions was taken to the court's ruling. If it were shown that the court's action in admitting the evidence, whatever it may have been, was erroneous, we would be unable to determine whether it was prejudicial; for we are not informed by the brief what the issues in the case were.

The second assignment of error is as follows: "The court erred in admitting in evidence over plaintiff's objections the rules contained in the circular form letter of hospital rules of the Southern Pacific Company, Atlantic System, signed by R. H. Harrison, Medical Director, and A. C. Hutchinson, General Manager, on July 1, 1886, and binding plaintiff thereunder as a matter of law." The proposition under it is: "Secret rules issued in 1886 by the Southern Pacific Company of Kentucky, a separate and distinct corporation from the G. H. & S. A. Ry. Co., that never had been communicated to defendant's employes or brought to plaintiff's attention, and of which he had no knowledge, were inadmissible in evidence and not binding on him." The statement subjoined to this proposition does not show what such rules were, or that they were introduced in evidence, nor what objections were made by the plaintiff to their introduction, or what the rulings of the court were upon the objections. In short, no bills of exceptions as to the introduction of the testimony complained of by the assignments, appear in the statement made in plaintiff in error's brief under the proposition. Nor does it anywhere appear in his brief what issues were made by the pleadings and facts in this case. In the absence of such matters from the statement made in the brief we are not able to pass upon the assignment without violating the rules of this court. See Poland v. Porter, Texas Civ. App., 98 S. W. Rep., 215 and authorities there cited. For the same reason we can not consider the third assignment of error.

The fourth and seventh assignments of error are not copied in plaintiff in error's brief, and therefore must be deemed waived.

The fifth, sixth and eighth complain of certain paragraphs of the charge. They can not be considered, because it nowhere appears from the brief of plaintiff in error what the issues made by the pleadings and evidence in the case were. Where an assignment of error is directed against a part of the charge of the court, and it does not appear in the preliminary statement made in the brief what the issues were, the proposition under the assignment should be followed by a statement from the record of so much of the pleadings and the evidence as is necessary to show what issues were involved. For in the absence of such a statement it can not be told from the brief with any degree of certainty whether the assignment is well taken; or if it can be said the part of the charge

complained of is erroneous, it can not be said that such an error is of such character as requires a reversal of the judgment.

As plaintiff in error has not briefed his case in such a manner as, under the rules of this court, will permit us to consider any of his assignments of error, and as there is no error apparent from the record, the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.