SOUTHERN KANSAS RY. CO. OF TEXAS et al. v. LOCKHART et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1911.)

1. CARRIERS (§ 226*)—NECESSARY PARTIES DEFENDANT.

In an action against carriers for delivering plaintiffs' shipment of live stock to another shipper's consignee, the other shipment being delivered to plaintiffs' consignee, the other shipper was not a necessary party defendant.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 226.*]

2. PARTIES (§ 75*)—NONJOINDER—OBJECTIONS—SUFFICIENCY.

Nonjoinder of parties cannot be raised by general demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 115, 116; Dec. Dig. § 75.*]

3. APPEAL AND ERROR (§ 760*)—BRIEFS—SUFFICIENCY.

Assignments of error to the admission of testimony are not reviewable, where the brief fails to point out in the transcript where it appears that an offer to introduce evidence was made, or that bills of exceptions were reserved to its admission, as required by Courts of Civil Appeals rule 31 (67 S. W. xvi).

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 760.*]

4. EVIDENCE (§ 158*)—BEST EVIDENCE—VALUE ·OF LIVE STOCK.

On an issue as to the market value of live stock misdelivered, a witness' opinion as to the market value was not inadmissible, on the theory that a report of the sales, showing the amount actually received for the cattle, was the best evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–526; Dec. Dig. § 158.*]

5. EVIDENCE (§ 318*)—HEARSAY—ADMISSIBILITY.

In an action against carriers of live stock for misdelivery of a shipment, it was not error to permit a witness to be asked whether shipments delivered to his employers were reported to him, and to permit him to answer that all receipts of live stock consigned to the firm were reported to its office.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 318.*]

6. APPEAL AND ERROR (§ 907*)—REVIEW—PRESUMPTIONS.

In an action against carriers of live stock for misdelivery, the appellate court not being referred to any part of the transcript on the question of proof of delivery to plaintiffs' consignee, and the trial court having found that such delivery was not made, it will be presumed that there was competent evidence to sustain the finding, as against an assignment of error in permitting a witness to state whether the shipment was received by the consignee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 3673; Dec. Dig. § 907.*]

7. CARRIERS (§ 228*)—LIVE STOCK—MISDELIVERY—EVIDENCE—SUFFICIENCY.

Evidence held sufficient to sustain recovery against carriers of live stock for misdelivery.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 228.*]

Appeal from Lipscomb County Court; P. B. Mills, Judge.

Action by C. H. Lockhart and another against the Southern Kansas Railway Company of Texas and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Terry, Cavin & Mills, Hoover & Hoover, and E. C. Gray, for appellants. Adkins & Sewell, for appellees.

HALL, J. Plaintiffs filed this suit in the county court of Lipscomb county against both of the defendants, to recover damages for misdelivery of certain cattle, alleged to have been shipped by them from Higgins, Tex., to Kansas City, Mo., over the lines of the defendant railway companies. The substance of the petition is that, on September 12, 1908, they delivered defendants, as common carriers, one car of calves and two cars of cows, to be shipped over defendants' lines, and consigned to the Kansas City Live Stock Commission Company at point of destination; that on the same day one Nick Hudson, Sr., shipped a car of 35 cows to Elmore & Cooper, commission brokers of Kansas City, Mo., over the same lines of. railway and by the same train which carried plaintiffs' cattle. It is alleged that through the negligence and carelessness of the defendants in billing said cattle, and in delivering them, plaintiffs' car of calves were delivered to· Elmore & Cooper, and by them sold and the proceeds remitted to the said Hudson; that Hudson's car of cows were delivered to the Kansas City Live Stock Commission Company, who sold the same and remitted the proceeds to plaintiffs, and they allege a difference in the market value of the two cars of cattle to be in their favor in the sum of $222.16, for which amount they pray judgment, together with interest and costs of· suit. The case was tried before the court without a jury, who rendered judgment for the sum of $222..16 and interest, and defendants bring the case to this court for review upon nine assignments of error.

[1] The first assignment is to the action of the court in overruling the general demurrer to plaintiffs' petition, because they insist that the petition upon its face shows Hudson is a necessary party defendant. The issues between plaintiffs and the defendants could be settled and a judgment, fully determining their rights, entered without the presence of Hudson as a defendant in the suit. The cattle shipped by plaintiffs were owned by them, and Hudson was the sole owner of the cattle shipped by him; neither party owning any interest whatever

in the shipment of the other. A decree adjudicating the rights of plaintiffs and defendants would in no way affect Hudson; nor would it affect the right of the defendant railways to recover of Hudson any amount he may have received over and above what was due him upon his shipment. We think it is clear that Hudson was not a necessary party. However, in order to avoid a multiplicity of suits, defendants might, by using such diligence as would not have delayed the trial of the case, have brought Hudson in by service of process, and obtained judgment over against him, if the facts warranted it; but in no event, under the facts, could plaintiffs have been forced to bring their suit originally against Hudson as a codefendant.

[2] The question of nonjoinder of parties cannot be raised by general demurrer. Williams v. Bradbury, 9 Tex. 487; Shelby v. Burtis, 18 Tex. 644.

[3] None of the assignments, except the last, contained in appellants' brief, comply with the requirements of rule 31 for the Courts of Civil Appeals (67 S. W. xvi). Assignments Nos. 3, 4, 7, and 8, relating to the admission of the testimony of the witness Hale and of the plaintiff Hughes, as experts, challenge the court's action in admitting such testimony. The brief, however, does not point us to any part of the transcript where an offer to introduce such evidence was made, or where bills of exceptions were reserved to its admission. Under the well-recognized practice, we should not consider these assignments. El Paso Electric Co. v. Telles, 99 S. W. 444. We have, however, in considering the ninth assignment, carefully reviewed the record and read the evidence and the bills of exception, and find that none of the assignments mentioned are well taken.

[4] Appellants insist, under the second assignment, that plaintiff Hughes should not have been permitted to give his opinion as to the market value of the cows, because he had the report of the sales, showing the amount actually received for them, and that such report was the best evidence. We cannot agree with this contention. A report of sale furnished by the broker who sold the cattle, unsupported by any testimony identifying it and verifying it, is not admissible in evidence to prove market value, and the objection was properly overruled. The testimony of both witnesses shows they were qualified to state the market value of the animals in Kansas City. Railway Co. v. Staton, 49 S. W. 277; Railway Co. v. Fisher, 18 Tex. Civ. App. 78, 43 S. W. 584.

[5] The witness Hale was asked: "When shipments of cattle are delivered to your employers, do they, or others acting for them, invariably inform you of the delivery, or do they sometimes fail to report deliveries to you?" To which he replied: "All receipts of live stock consigned to this firm are reported at its office." The objection urged to it was that it is a report by others, which would mean hearsay evidence as to the party testifying. The witness did not undertake to give the substance of the reports. We see no error in permitting that question to be asked and answered, and the objection was properly overruled.

[6] The sixth assignment complains of the court's action in overruling defendants' motion to strike out interrogatory No. 9, propounded to witness Hale, which is as follows: "State whether or not, on or about September 14, 1908, the Kansas City Live Stock Commission Company received a car load of 65 calves, consigned by Lockhart & Hughes, and shipped from Higgins, Tex., on or about September 12, 1908. State whether at any other time during the month of September, 1908, the Kansas City Live Stock Commission Company received a shipment of 65 calves from Lockhart & Hughes, shipped from Higgins, Tex." To which the witness answered: "They did not." Appellants moved that the interrogatory and answer be stricken out, for the reason that the answer to interrogatory No. 11 shows that the witness was testifying from the report of others, and not from his own knowledge. We are not referred to any part of the transcript upon this point, and the court found as a fact that said 65 calves were never delivered to the Kansas City Live Stock Commission Company, and we must presume, in passing upon this assignment in favor of such finding, that there was competent evidence to sustain it. We therefore overrule appellants' contention.

[7] Appellants' ninth assignment goes to the sufficiency of the evidence to sustain the findings, conclusions, and judgment of the court. An inspection of the statement of facts shows the delivery by plaintiffs of two car loads of cows and one car load of calves to defendant the Southern Kansas Railway Company of Texas, at Higgins, on the 12th day of September, 1908, for shipment to the Kansas City Live Stock Commission Company, Kansas City, Mo. It is not clearly shown whether a bill of lading was issued by defendant or not. However, it was the statutory duty of defendant to issue a bill of lading, and, even though none was issued, it was their common-law duty to transport the shipment with reasonable dispatch, and deliver to the named consignee. There is no testimony going to show exactly when the cattle arrived at point of destination; but the evidence of the plaintiff Hughes shows that if the shipment had been forwarded without unusual delay it would have reached Kansas City on September 14th, and we must presume that the defendants were not negligent in forwarding said shipment. The evidence is sufficient to establish the market value of the calves in Kansas City September 14th, the date when they should have arrived. The testimony of Hale shows that

the calves never reached the consignees. The evidence further shows that plaintiffs have received the sum of $1,636 by reason of such shipment, part of which it seems came to them as the proceeds of one car load of cows shipped by Nick Hudson, Sr. Plaintiff Hughes testified that the entire shipment should have netted plaintiffs $1,850. This testimony was brought out on cross-examination. These facts are sufficient to sustain the judgment, even if the calves in question never reached Kansas City. If there was a party in charge of the shipment, and who accompanied the cattle as the agent of plaintiffs, and the shipment was diverted by him, or the failure of the consignees to receive the cattle was by reason of some mistake occurring in the stockyards at Kansas City, or because no bill of lading was ever issued, they were affirmative defenses, and the duty of pleading and proving them rested upon the defendants.

The finding of the court that the car of cows belonging to Hudson, the proceeds of which had been remitted to and received by plaintiffs, were worth $400 is not sustained by the evidence, and the judgment for $222.-16, with legal interest from September 14, 1908, is therefore too large. The judgment should have been entered for the difference between $1,636, 'the amount received by plaintiffs, and $1,850, the amount which the testimony shows the plaintiffs were entitled to recover, and judgment will here be entered accordingly in favor of the plaintiffs, C. H. Lockhart and A. L. Hughes, against the defendants, Southern Kansas Railway Company of Texas and Atchison, Topeka & Santa Fé Railway Company, for the sum of $214, with interest thereon from September 14, 1908, and in all other things affirmed.