GRAND LODGE, F. & A. M. OF TEXAS
v. DILLARD.

(Court of Civil Appeals of Texas. Galveston.
Dec. 15, 1913. Rehearing Denied
Jan. 8, 1914.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITION AND STATEMENT.

In an assignment of error to the admission of conversations with and statements made to plaintiff by her deceased husband as to the payment of his relief dues, with the proposition that the testimony was inadmissible under the statute forbidding an heir or representative to testify as to any transaction with or statements by a deceased, unless called by the opposite party, the statement: "St. F. P. 1 & 2. Also see Bill of Exceptions No. one, page 18"—did not comply with Courts of Civil Appeals rule 31 (142 S. W. xii), providing that the statement must be made faithfully in reference to the whole of that which is in the record having a bearing on the proposition, and hence would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. WITNESSES (§ 159*)—TRANSACTION WITH DECEDENT — ACTION ON BENEFIT CERTIFICATE.

In an action on a benefit certificate issued to plaintiff's husband, in which she was named as beneficiary, so that she claimed nothing as his heir, but, upon his death in good standing, became at once in her own right and by contract entitled to the moneys due, she was a competent witness to testify as to conversations with him referring to the payment of his dues.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 629, 664, 666–669, 671–682; Dec. Dig. § 159.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY—RULE OF COURT.

In an assignment of error in the exclusion of documentary evidence, a statement giving no information of the substance of the excluded evidence or as to what was contained therein was not a compliance with Courts of Civil Appeals rule 31 (142 S. W. xii), prescribing the requirements of a statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATUTES AND RULES OF COURT.

Courts of Civil Appeals rule 31 (142 S. W. xii), prescribing the requisites of the statement in an assignment of error, was not abrogated or affected by Acts 33d Leg. c. 136, amending Rev. Civ. St. 1911, art. 1612, providing that an assignment of error which directs the attention of the court to the error complained of shall be sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. INSURANCE (§ 750*)—MUTUAL BENEFIT INSURANCE—CONSTRUCTION—FORFEITURE.

A provision in the by-laws of a lodge that, on a member's failure to pay his dues, the lodge "shall suspend him" rendered him subject to suspension, but did not, on his failure to pay, ipso facto suspend him, without any action of the lodge.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. § 750.*]

6. INSURANCE (§ 825*)—ACTION ON CERTIFICATE—QUESTION FOR JURY—ARREARS.

Where the evidence in an action on a benefit certificate was conflicting as to whether deceased was in arrears or had been legally sus-

pended at the time of his death, the issue was properly left to the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec. Dig. § 825.*]

7. APPEAL AND ERROR (§ 216*)—OBJECTION BELOW—INSTRUCTIONS — REQUEST — NECESSITY.

Where a party thinks it necessary that the jury be instructed more particularly, he should request a special charge to that effect, and cannot complain on appeal, if he does not.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Emma Dillard against the Grand Lodge of Free and Accepted Masons of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank E. Anderson and J. E. Melton, both of Houston, for appellant. Woods & Harris, of Houston, for appellee.

REESE, J. Emma Dillard, surviving wife of J. R. Dillard, deceased, instituted this suit in the county court against a body designated in the pleadings as "Grand Lodge of Free and Accepted Masons of Texas," to recover $249.23 alleged to be due her on a certain benefit certificate issued to the said J. R. Dillard as a member of a local lodge in said order, in which certificate plaintiff was named as beneficiary. Petition alleged the death of Dillard in good standing as a member of said local lodge and the necessary facts to entitle plaintiff to the money. Defendant relied as a defense upon the facts, as alleged in its answer, that Dillard had been suspended from the benefits of membership by the lodge in accordance with its constitution and by-laws for failure to pay the assessments made against him, and that he was in this condition at the date of death, and hence plaintiff was not entitled to the benefit referred to in the certificate. The case was tried with a jury, and resulted in a verdict and judgment for plaintiff for the amount sued for. From this judgment, its motion for a new trial being overruled, defendant appeals.

[1] The first assignment of error complains of the admission of certain testimony over the objection of appellant. The assignment refers to the testimony as that of appellee "as to conversations with and statements made by her deceased husband during his last illness referring to the payment of his relief dues." The only proposition stated is that the testimony was inadmissible under the statute (article 3690, Rev. Civ. St. 1911), which forbids an heir or legal representative to testify as to any transaction with or statements by the testator unless called upon to testify by the opposite party. The only statement under the proposition is, given literally: "St. F. P. 1 & 2. Also see

Bill of Exceptions No. one, page 18." The statement is not in compliance with rule 31, and the assignment will not be considered.

[2] If the assignment were so presented as to be entitled to consideration, there is no merit in it. The objection to the testimony must be confined to that stated in the only proposition under the assignment. Appellee claimed nothing as heir of the deceased, Dillard. Upon his death in good standing, she became at once, in her own right, and by contract with the appellant, entitled to the money called for in the benefit certificate, which was in legal effect an insurance policy on his life for her benefit. The case of Royal Fraternal Union v. Stahl, 126 S. W. 920, has no application. In that case Mrs. Stahl sued as sole heir of the deceased Stahl to recover $310 which, it was alleged, the Fraternal Union owed Stahl as sick benefits due him prior to his death, which it had not paid. This money was owing to the deceased himself, and belonged to his estate like any other debt due him, and it was claimed by Mrs. Stahl in her right as sole heir. It is true that in connection with this $310 due Stahl for sick benefits unpaid, Mrs. Stahl also sued for $50 due to her as beneficiary under a benefit certificate similar to the one under which appellee claims, but this seems to have been lost sight of by the court and is not referred to in deciding the question of the admissibility of Mrs. Stahl's testimony. The opinion rests upon the admissibility of her testimony under the statute in an action to recover the sick benefits as sole heir of Stahl.

[3] The second, third, and fourth assignments of error complain of the exclusion of certain documentary evidence offered by appellant. The only statement under the assignments gives us not the slightest information of the substance of the excluded evidence. What the documents would have shown, or tended to show, is left to conjecture. We cannot tell from this statement, or anything in the brief, just what was contained in the several documents excluded. It is true we are referred to the bills of exceptions, but no reference is made to their contents, even in substance. This is not a compliance with rule 31. There can be no excuse for such total disregard of the plain provisions of this rule, especially in view of the decisions of the Supreme Court and Courts of Civil Appeals, too numerous and uniform to require citation, refusing to consider assignments of error presented as is done here.

[4] This rule is not abrogated nor affected by the act of the 33d Legislature amending article 1612, c. 6, R. S. 1911, as to the sufficiency of assignments of error. Chapter 136, p. 276, Acts 33d Leg.; Conn v. Rosamond, 161 S. W. 73; Childress v. Robinson, 162 S. W. 1172, decided at the present term.

[5] There was no error in that portion of the charge referred to in the fifth assignment of error. The substance and effect of the provision in the by-laws referred to that the lodge, upon failure of a member to pay his dues, "shall suspend him" was to render him subject to suspension and not that such failure to pay should ipso facto suspend him, without any action of the lodge. The evidence shows this very clearly.

[6] The evidence was conflicting as to whether the deceased Dillard was in arrears or had been legally suspended at the time of his death, and the court did not err in leaving the issue to the jury.

[7] If appellant thought it necessary that the jury be instructed more particularly as to what was necessary to constitute legal suspension of Dillard, a special charge should have been requested. This disposes substantially of all the assignments of error. There being no error presented requiring reversal, the judgment is affirmed.

Affirmed.