BURROW et al. v. BROWN. (No. 7109.)

(Court of Civil Appeals of Texas. Dallas. May 2, 1914. Rehearing Dismissed May 30, 1914.)

1. APPEAL AND ERROR (§ 518*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

The appeal record did not contain any original or amended answer, and the fifth paragraph of his first supplemental answer, made no attack on plaintiff's "first amended petition," and had no reference to the statute of limitations; the exception therein contained being leveled at plaintiff's first supplemental petition. *Held*, that an assignment of error that the court erred in sustaining the exception in the fifth paragraph of defendant's answer to plaintiff's first amended petition, wherein defendant pleaded in bar the statute of limitation of two, three, four, five, and ten years, as fully set out in the fifth paragraph of the answer, because neither of defendant's pleas of limitation applied to

plaintiff's cause of action as pleaded in the petition, was unsustainable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2342–2355; Dec. Dig. § 518.*]

2. APPEAL AND ERROR (§ 725*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Where plaintiff assigned as error that the court erred in overruling plaintiff's exceptions to the sixth and eighth paragraphs of the answer, wherein defendants pleaded stale demand and res judicata, when, in fact, the paragraphs referred to disclosed that they related entirely to other matters, the assignments would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

3. APPEAL AND ERROR (§ 737*)—ASSIGNMENTS OF ERROR—MULTIPLICITY.

Assignments of error that the court erred in overruling plaintiff's exceptions to the sixth and eighth paragraphs of the answer, wherein they pleaded stale demand and res judicata in bar of plaintiff's cause of action, were insufficient, as relating to two distinct and unrelated subjects.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3030–3032; Dec. Dig. § 737.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY—PROPOSITIONS.

Where assignments of error not only contained two or more distinct and unrelated subjects, but the propositions thereunder did not specifically point out the particular error complained of, but were multifarious and argumentative, and to neither of them was there subjoined such a statement, referring to the pages of the record as was necessary to explain and support the proposition or propositions urged, and to enable the court without a search of the record to decide the question raised, as required by Court of Appeals rules 24, 25, and 31 (142 S. W. xiii), they could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. APPEAL AND ERROR (§ 725*)—ASSIGNMENTS OF ERROR—SPECIFICNESS.

An assignment of error by plaintiff that the court erred in sustaining several exceptions and demurrers, because the facts alleged in the petition show such legal and equitable cause of action and such gross fraud and deceit on the part of defendant as would give plaintiff the right to a trial on the facts, was too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

Error to District Court, Navarro County; H. B. Daviss, Judge.

Action by Sarah F. Burrow and husband against C. N. Brown and others. Judgment for defendant Brown, and plaintiffs bring error. Affirmed.

Jack & Jack, of Corsicana, for plaintiffs in error. R. B. Molloy, R. S. Neblett, and R. R. Owen, all of Corsicana, for defendant in error.

TALBOT, J. This is an action brought by the plaintiff in error Mrs. Sarah F. Burrow, joined by her husband, R. D. Burrow, against C. N. Brown and others, to set aside in part a judgment rendered in the district

court of Navarro county, Tex., January 12, 1889, in cause No. 3037, in which the plaintiff in error herein, Mrs. Burrow, then Mrs. Brown, was plaintiff, and the said C. N. Brown, her then husband, was defendant, and to grant said appellant a new trial of the issues relating to the property rights of herself and the said C. N. Brown. The transcript sent to this court contains the plaintiff's "first amended original petition," and first supplemental petition, and the defendant's "first supplemental answer." The plaintiff's pleadings, including the exhibits attached thereto, cover about 45 pages of the transcript, and the grounds, briefly stated, upon which she seeks to reopen the judgment in said cause, No. 3037, are: (1) That the said C. N. Brown, for the purpose of preventing her from recovering in said cause her just portion of their community property, fraudulently conveyed the larger portion of the same to J. T. Brown and J. H. Holland, which was unknown to her at the time of the trial of said divorce suit, and not discovered until very shortly before the bringing of this suit; (2) that, if the pleadings in said divorce suit were sufficient to get the property, one-half of which she now seeks to recover, before the court, then the judgment therein rendered in favor of the said C. N. Brown was procured by the false and perjured testimony of the said C. N. Brown and witnesses offered by him, which was unknown to her, and could not have been known by the use of the utmost diligence until revealed by the said C. N. Brown himself in December, 1910.

By a supplemental answer, and being the only pleading by defendant found in the record, he answered by a general demurrer to plaintiffs' "first supplemental petition," and by a number of special demurrers to plaintiffs' "first amended original petition" and "first supplemental petition." These demurrers were sustained by the court, and the plaintiffs excepted and gave notice of appeal. This appeal, having been perfected, was, upon motion of the defendant in error, for reasons not necessary to state, dismissed by the court. C. N. Brown having died, John Brown, his administrator, was made a party, and the case brought to this court by plaintiffs on writ of error.

[1] Plaintiff in error presents four assignments of error, the consideration of each of which is objected to by defendant in error, because not briefed in accordance with the rules. The objections urged should, in our opinion, be sustained. The first assignment of error is that:

"The court committed error in sustaining defendant's exception set out in the fifth paragraph of the defendant's answer to plaintiffs' 'first amended petition,' wherein defendant pleaded in bar of the plaintiffs' cause of action the statute of limitation of two, three, four, five, and ten years, as is fully set out in said fifth paragraph of said answer, because neither of the defendant's pleas of limitation applies to the plaintiffs' cause of action, as set out and pleaded in her said petition."

The record does not contain any original or amended answer of the defendant, and the fifth paragraph of his first supplemental answer, as contained in the record, makes no attack on plaintiff in error's "first amended petition," and has no reference whatever to either of our statutes of limitation. The exception therein contained is leveled at plaintiffs' first supplemental petition, and is to the effect that the defendant's demurrer to all that part of said supplemental petition "wherein it is claimed that the plaintiff in this suit at the time she instituted her divorce proceeding was unable to furnish means to employ attorneys, and that her attorneys undertook the case upon a contingent fee, and that such attorneys informed her that they could recover considerable property as a part of the community estate; that they accepted employment and undertook to procure the divorce upon a contingent fee; that she knew nothing of such matters herself, because such matters are wholly irrelevant and immaterial to any issue in this suit, and are calculated to prejudice and confuse the jury."

[2] The second and third assignments of error are in a similar condition. They complain respectively that the court erred in overruling plaintiff's exceptions to the sixth and eighth paragraphs of the answer, "wherein they plead stale demand and res adjudicata" in bar of plaintiff's cause of action, and an examination of the paragraphs of the answer referred to discloses that they relate to matters entirely distinct from those presented in the assignments.

[3, 4] If, however, the assignments were not defective and objectionable in the respect just pointed out, still they are clearly violative of the rules prescribed for briefing cases in this court, in that each of them contains two or more separate, distinct, and unrelated subjects, the propositions thereunder do not distinctly and specifically point out the particular error complained of, but are multifarious and argumentative, and to neither of them is there subjoined such a statement with reference to the pages of the record as is necessary and sufficient to explain and support the proposition or propositions urged and to enable this court, without a search of the record itself, to decide the questions raised. Rule 24 (142 S. W. xii), relating to the preparation of cases for submission in this court, requires that the assignment of error shall distinctly specify the grounds of error relied on, and rule 25 (142 S. W. xii) declares that:

"To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was

incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to."

While rule 31 (142 S. W. xiii) provides that to each proposition advanced under an assignment of error there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition with reference to the pages of the record. The rules above referred to have not been complied with in the preparation of this case for submission here, and plaintiff in error's said assignments of error are not entitled to consideration.

[5] The fourth assignment of error complains that the court erred in "sustaining the several exceptions and demurrers, because the facts, as shown by the petition, show such legal and equitable cause of action and such gross fraud and deceit on the part of defendant in error as would give the plaintiff in error the right to a trial on the facts." This assignment is too general to be considered. It appears from the answer that there are 14 exceptions or demurrers, and they embrace nearly five pages of the transcript. The assignment does not point out any one error committed by the court in sustaining the exceptions or demurrers, and, under the rules and numerous decisions of our appellate courts, it should not be considered.

Finding no fundamental error requiring a reversal of the case, the judgment of the court below is affirmed.