## SETTEGAST v. MEYER.    (No. 8395.)

(Court of Civil Appeals of Texas. Galveston. Nov. 27, 1923. Rehearing Denied Jan. 3, 1924.)

**1. Appeal and error ⚖️1002—Conflict in evidence not ground for reversal.**

Court of Appeals will not reverse judgment on ground that there is conflict in evidence.

**2. Boundaries ⚖️8—Location of grant determined by surveyor's lines as actually run and marked, and no outside evidence required where location determined by surveyor's lines.**

Location of a grant must be determined by the lines of the surveyor as actually run or marked on the ground, and where actual survey can be determined as the same called for in the grant, no outside evidence is required.

**3. Boundaries ⚖️37(3) — Evidence held to show corner extended north from line of fence built in 1892.**

In trespass to try title where the issue was as to the northwest corner of a survey which established the common line between lands, evidence *held* to show such corner as 20 feet north from fence line built in 1892, the corner of which was 20 varas south of the corner as established by original surveyor.

**4. Appeal and error ⚖️742(4)—Rule as to sufficiency of statement on errors in admitting or rejecting evidence stated.**

Statement relating to assignments and propositions complaining of admission or rejection of evidence is insufficient, where it fails to show what objection was made to evidence admitted, and why rejected evidence should not have been admitted, or fails to refer to record for such information or in what way court's action was erroneous.

**5. Appeal and error ⚖️742(4)—Any error in admitting evidence not considered for failure to conform to rule.**

Assignment of error as to admission of evidence of maps and plats of contiguous surveys in boundary dispute over a corner, as laid out by original surveyor, briefs of which did not, as required by rule 31, contain proper statement of record bearing on propositions, with reference to pages of record, will not be considered.

**6. Appeal and error ⚖️1050(1)—Evidence of maps and plats of contiguous surveys merely cumulative.**

In boundary dispute, in view of Rev. St. arts. 3695, 5311, relating to powers of county surveyors, where the issue was as to a corner of a survey as laid out by original surveyor, even though it was improper to admit evidence of maps and plats of contiguous surveys, it does not require reversal, since it was cumulative to evidence supporting jury's finding of the true location.

**7. Trial ⚖️352(1)—Submission on special issue held to be as requested by plaintiff.**

In boundary dispute, where court instructed jury to say at what point they found the corner of a survey was originally located, there being no evidence that it was located in other place than where plaintiff or defendant contended, instruction that they should say whether it was located where plaintiff contended or where defendant contended submitted special issues, as requested by plaintiff.

**8. Boundaries ⚖️41—Issue of line submitted on preponderance of evidence.**

In boundary dispute, where jury was charged that proof of an original location of a corner may be made by preponderance of evidence, and nowhere were they told that in finding location they must look only to plaintiff's proof, his contention that instructions placed burden on him of proving location and that proof must be made only by his evidence was without merit.

**9. Appeal and error ⚖️1060(1)—Argument of counsel not influencing jury not ground for reversal.**

Argument of counsel, which did not influence jury in its finding, is not ground for reversal.

Error from District Court, Harris County; W. E. Monteith, Judge.

Trespass to try title by J. J. Settegast, Sr., against Joseph F. Meyer. Judgment for defendant, and plaintiff brings error. Affirmed.

D. F. Rowe, of Laredo, and Stewart, De Lange & Milheiser, of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, and Oswald S. Parker, of Beaumont, for defendant in error.

LANE, J. This suit was instituted by J. J. Settegast, Sr., hereinafter referred to as appellant, against Joseph F. Meyer, hereinafter referred to as appellee. The suit is one in the ordinary form of suits of trespass to try title for the recovery of 229.4 acres of land situated in Harris county, alleged by the plaintiff to be a part of the George Allen survey. Defendant answered by general denial, plea of not guilty, and by plea of 3, 5, and 10 years statute of limitation.

It is agreed by both parties that, excepting the plea of limitation, the suit is in reality strictly a boundary suit, and that the only question presented is, Is the common line between the George Allen survey on the east and the Reynolds and Wilson surveys on the west located as contended by appellant Settegast or as contended by appellee Meyer?

The contention of Settegast is that the southeast corner of the Herman Aiken survey, lying some distance north from the George Allen survey, now owned by him, is a well-known and established corner; that said corner is the northwest corner of the Bronaugh survey, and that a line running 2,200 varas due south therefrom is the west line of the Bronaugh; that the southwest

corner of the Bronaugh is the same as the northwest corner of the George Allen, and that the west line of the Allen runs due south 2,507 varas from said corner to its southwest corner, and is a prolongation of a line running due south from the southeast corner of the Aiken, and that such line is the east boundary line of the Reynolds and Wilson surveys, the latter of which is owned by appellee, Meyer.

Appellee contends that the northwest corner of the George Allen survey is not at the point claimed for it by appellant, but that it is at the southwest corner of the Bronaugh, 517 varas east of said point, and that its west line is, of course, a like distance east of the line claimed by appellant as its west line, and that as a consequence the land in controversy is a part of the Wilson survey, all of which is owned by him, appellee.

He also contends that he constructed a fence on the line which he claims to be the common boundary line between the Allen and Wilson, in 1891–1892, and that since said fence was constructed appellant has at all times agreed with appellee that said fence marked the true boundary between the two surveys, and that, having so agreed, appellant thereafter, on two separate occasions, repaired said fence, each party bearing one-half of the expense in making such repairs.

The cause was tried before a jury, to whom the court submitted the following charge:

"(1) In determining the correct location of a survey, you are required to find and adopt the footsteps of the original surveyor who made the survey; that is, the actual boundaries of the survey as the same were located on the ground by the original surveyor.

"(2) In so determining the location of a survey, you are charged that, ordinarily, it is deemed that the calls for natural and permanent objects are of the first importance when they are found and identified, and that calls for artificial objects, such as marked trees and marked lines, etc., are second in importance; and that calls for course are third in importance, and that calls for distance are fourth in importance, and that calls for quantity may be considered, but the calls for neither class will absolutely control the calls for another class where calls for such other class or classes more truly indicate the footsteps of the surveyor, and the location and position of the land surveyed and described in the field notes, and in determining the position of the surveys in question, you are to consider all the evidence admitted by the court bearing upon that subject, and you will locate the land where, from all such evidence, you conclude to be the true position of such surveys, as they were originally surveyed and located according to the original field notes thereof.

"(3) Special issue No. 1, hereinafter submitted to you, involves the true location of the northwest corner of the George Allen survey, and, bearing in mind the instructions hereinbefore given you, this corner must be located by you as it was by Henderson, the sur-

veyor who originally located it. The purpose of the evidence admitted in this case is to assist you in your determination of the original location of the survey.

"(4) The burden of proof is upon plaintiff to establish by a preponderance of the evidence that the northwest corner of the George Allen survey was originally located at the point claimed by the plaintiff Settegast; and unless the plaintiff has so proven his case, you will answer special issue No. 1 by finding the location of the northwest corner of the Allen survey as claimed by defendant Meyer.

"Bearing in mind the foregoing instructions, you will answer the following issue:

"Special Issue No. 1.

"At what point was the northwest corner of the George Allen survey originally located?

"In answering this question, you may describe this location as being 'Where the plaintiff, Settegast, claims it to be,' or 'Where the defendant, Meyer, claims it to be,' as you may find the fact to be."

The court also submitted to the jury the question of limitation, to be answered, however, only in the event they should find that the true northwest corner of the Allen survey was at the place where appellant contended it was. Answering the first special issue, the jury found that said northwest corner of the Allen survey was where appellee claimed it was, and made no answer to special issue No. 2, submitting limitation. Upon the verdict of the jury and the evidence, the court rendered judgment for the defendant, and from such judgment J. J. Settegast has appealed.

It is apparent, from what has been said, that the controlling issue is as to where the true northwest corner of the George Allen survey was located by Henderson, who originally located said survey, thus determining the true west boundary of said survey; and if, therefore, the finding of the jury that such corner was so located at the place where appellee claims it was was supported by sufficient evidence, the judgment of the trial court should be affirmed, unless it be shown that such finding was probably induced by the admission of improper and inadmissible evidence, or by some other error committed in the trial of the cause.

[1] There is no contention by appellant that the judgment should be reversed upon the ground that the finding of the jury is so against the great weight and preponderance of the evidence as to be clearly wrong, but he relies upon his assertion that there was no probative evidence to support said verdict. We are therefore not called upon to examine and discuss the weight of the entire evidence, but only to look to the evidence tending to support the verdict. If we find that there is sufficient admissible evidence to support the finding of the jury, and that no improper conduct of the trial court induced such finding, it becomes our duty to

affirm the judgment, though there is evidence which would have supported a contrary finding. This court will not reverse a judgment upon the ground only that there is a conflict in the evidence.

[2] It is well settled by the ·decisions of our courts that the location of a grant of land must be determined by the lines of the surveyor as actually run and marked upon the ground, if it can be so determined, and, where the actual survey can be found and identified as the same called for in the grant no outside evidence is required.

"The 'footsteps of the surveyor' will not be followed outside the boundaries fixed by the field notes of the grant when such boundaries can be found and identified upon the ground." Hamman v. San Jacinto Rice Co. (Tex. Civ. App.) 229 S. W. 1008, and authorities there cited.

If no doubt or ambiguity arises when the calls in the grant are applied to the ground, there is no room for construction; the instrument speaks for itself.

[3] The field notes of the Bronaugh survey made by Surveyor Trott called for it to begin at a stake near the head of the south fork of Bray's Bayou, from which a willow tree marked B in said bayou bears north 20 varas, and a grove of pin oak bears north, on the north side of the bayou; thence east 3,818 varas to a stake from which a lone birch marked W bears N. 68° E. 360 varas for its southeast corner.

The field notes of the George Allen survey, a junior survey to the Bronaugh, made by surveyor Henderson, call for it to begin at the southeast corner of the Bronaugh, a stake from which a lone birch bears N. 68° E. 360 varas (this description being identical with the description of the southeast corner of the Bronaugh in the Bronaugh field notes); thence west 3,818 varas to a stake, the southwest corner of the Bronaugh, near the head of the north fork of Bray's Bayou, from which a willow marked B bears north 20 varas, and a grove of pin oaks bears north on the north side of said bayou (this last description being the same as the beginning and southwest corner of the Bronaugh, in the Bronaugh field notes); thence south 2,-507⅔ varas to its southwest corner.

By these field notes it is made clearly to appear that the southwest corner of ·the Bronaugh and the northwest corner of the Allen is at the same place, and at a point near the head of the north fork of Bray's Bayou, from which a willow marked B bears north 20 varas, and from which a lot of pin oaks bear north on the north side of said bayou. This being true, the question naturally arises, where is this point, the southwest corner of the Bronaugh and the northwest corner of the Allen, situated? Is it where appellant contends it is, or where appellee contends it is? If there is evidence showing that it is where appellee contends it is, as found by the jury, the finding of the court in another case, under a different state of facts, that it was elsewhere, would not authorize the court to set aside the finding of the jury in the present case.

We think there was ample evidence to support the finding that the southwest corner of the Bronaugh and the northwest corner of the Allen were at the place where the appellee contends they were, 517 varas east of the place contended for it by appellant. The undisputed evidence shows that in 1891–1892 appellee constructed a fence on what he now contends and then contended was the west line of the Allen; that the corner of this fence was practically at a point 20 varas south of the point where appellee testified the willow tree marked B, called for in the field notes of both the Allen and Bronaugh, stood. Appellee testified that he had seen the willow tree before its destruction, and that it stood practically north of his fence corner. He also testified that this point was only about 20 varas south of the bayou, and that there was a lot of pin oak trees north from said point on the north side of said bayou. This testimony is not directly contradicted by any evidence, but, to the contrary, it seems to us, was supported by other facts and circumstances shown to exist. All witnesses agree that by general reputation the southeast corner of the Bronaugh, same being the beginning corner of the Allen, is well established. The undisputed evidence shows that a line running due west from this point 3,818 varas, the distance called for in the Allen field notes for its north line, would reach a point practically 20 varas south of the north fork of Bray's Bayou, where the corner of appellee's fence running south has been situated for 30 years; a point 517 varas east of the point where appellant contends the northwest corner of the Allen is situated. All the witnesses testifying as to the location of the north-west corner of the Allen agree that there are no trees nearer than 450 varas of the point where appellant contends the corner is situated, and that there are no pin oak trees north of said point, and that the nearest trees thereto are at least 450 varas to the north of said point. It is shown that, accepting the point claimed by appellee as the northwest corner of the Allen, every call for distance in the Allen field notes is met, and that a full complement of land intended ·to be conveyed is within the boundaries so fixed. But, if the corner is fixed at the point contended for by appellant, none of the calls for distance in the north and south lines would correspond to the calls in the field notes, and there would be within the boundaries so fixed about 230 acres more than was intended to be conveyed by the grant. Taking such facts together with the testimony of appellee, there would be no difficulty in

locating the Allen survey on the ground without resorting to evidence as to the location of the corners and lines of other surveys.

In saying what we have, we are not unmindful that appellant contends that this court in Miller v. Meyer, 190 S. W. 247, sustained a finding of the trial court to the effect that the southwest corner of the Bronaugh was at the place where appellant now contends it is. This contention is true; but in that case the location of the willow marked B, called for as the beginning corner of the Bronaugh, was not shown as it has been in this case, and perhaps had it been so shown the result of that case would have been different.

[4, 5] By his propositions Nos. 5, 6, 7, 8, 9, 14, and 21 appellant complains of the admission of certain evidence, such as the introduction of maps or plats of surveys lying contiguous to and in the vicinity of the Allen survey, made by county surveyors subsequent to the location of said surveys, and oral testimony with reference thereto, and the introduction of a quitclaim deed from appellant to appellee of the H. T. & B. No. 1; and by his propositions 17, 18, and 22 he complains of the exclusion of certain maps and a certain judgment rendered in the case of Miller v. Meyer.

Rule 31 for the Court of Civil Appeals requires that the briefs shall contain a clear and accurate statement of the record bearing upon the respective propositions, with a reference to the pages of the record; that, where the error relates to the admission or rejection of evidence, there shall be quoted the full substance of the evidence admitted or rejected of which complaint is made. It has been uniformly held by our courts that a statement relating to assignments and propositions complaining of the admission or rejection of evidence is insufficient to require consideration, where it fails to show what objection was made to the evidence admitted, and why the rejected evidence should have been admitted, or fails to refer to the pages of the record for such information, and where it fails to show in what way the court's action in admitting or rejecting such evidence was erroneous. Jackson v. Tonahill, 49 Tex. Civ. App. 169, 108 S. W. 178; Scanlon v. Ry. Co., 45 Tex. Civ. App. 345, 100 S. W. 983; Ry. Co. v. Lockhart (Tex. Civ. App.) 141 S. W. 128; Stone v. Stitt, 56 Tex. Civ. App. 465, 121 S. W. 188; Kirby Lumber Co. v. Chambers, 41 Tex. Civ. App. 637, 95 S. W. 607; Willis v. Hatfield 63 Tex. Civ. App. 582, 133 S. W. 929; Fitzgibbons v. Galveston Elec. Co. (Tex. Civ. App.) 136 S. W. 1187; Beaumont Traction Co. v. Edge, 46 Tex. Civ. App. 449, 102 S. W. 746; Holland v. Closs (Tex. Civ. App.) 146 S. W. 672.

In Ry. Co. v. Lockhart (Tex. Civ. App.) 141 S. W. 128, Sullivan v. Solis, 52 Tex. Civ. App. 464, 114 S. W. 459, and in many other cases, it is held that, where complaint is made of the action of the court in admitting or rejecting evidence, the statement in the brief should point out the part of the record which would show such evidence admitted or rejected, and where bills of exception were reserved, and that assignments of error, based upon bills of exception which are not referred to in the statement under such assignments so as to enable the court to readily find them, do not demand consideration. See, also, Grand Lodge v. Dillard (Tex. Civ. App.) 162 S. W. 1173; Ferguson v. Fain (Tex. Civ. App.) 164 S. W. 1040; Burrow v. Brown (Tex. Civ. App.) 167 S. W. 254; Ludtke v. Murray (Tex. Civ. App.) 199 S. W. 321; Zeiger v. Woodson (Tex. Civ. App.) 202 S. W. 164.

Under none of the propositions 5, 6, 7, 8, 9, 14, 17, 18, 21, and 22, inclusive, or assignments relative thereto, has appellant made such a statement as is required by rule 31 and by the decisions cited.

To enable appellant to complain of the admission or rejection of evidence, he must have reserved bills of exception to such admission or rejection, and, if such bills were reserved, before he can have assignments based thereon considered, he must, in statements thereunder in his brief, set out the substance of said bills, or at least point out the page of the record where they may be found.

[6] Appellee objects to a consideration of said propositions by reason of the error pointed out. We should not consider the assignments to which the propositions relate, but if we did do so we would overrule them, as we think the evidence complained of was properly admitted. Sullivan v. Solis, 52 Tex. Civ. App. 464, 114 S. W. 456, at page 461; Thatcher v. Matthews (Tex. Civ. App.) 183 S. W. 810.

By articles 5311, 3695, Revised Statutes of Texas, it is provided, respectively, as follows:

"Any county surveyor may do the work of a practical surveyor, and may also perform all the duties required of a deputy surveyor, and in such case he shall make out, certify to, record, and return the field notes under his own official signature. The county surveyor of the several counties of this state shall record in a well-bound book all the surveys in the county, or district, for which he was elected, with plats thereof that he may make whether private or official; and certified copies of such record under the official signature of the surveyor may be used in evidence in any of the courts of this state."

We have also reached the conclusion that, if it be conceded that the maps complained of, and the testimony relative thereto, were not properly admitted in evidence, such admission would not be cause for a reversal of the judgment, as such evidence at most was only cumulative of such other evidence supporting the finding of the jury as to the

location of the northwest corner of the Allen survey, which was properly admitted without objection. We will not consider the evidence, the refusal of which is complained of. There is nothing in the statements in appellant's brief which shows the relevancy of the refused evidence, or that there was a bill of exception reserved to the rejection of such evidence, nor is there any reference in said statements to any such bill in any manner whatever.

[7] By propositions 10, 11, 12, and 13 appellant insists that by special issue No. 1 only a general verdict was required of the jury, and that therefore the cause was not submitted on special issues as requested by him. He insists that the submission of issue No. 1 did not allow the jury to place the northwest corner of the Allen survey at any place other than that where he contended it was or where appellee contended it was; that is, that the charge required the jury to choose between the two contentions.

There is no merit in the contention made by propositions 10 to 13, inclusive. By special issue No. 1, of which complaint is made, the court instructed the jury to say at what point they find the northwest corner of the Allen survey was originally located; and, as there was no evidence whatever tending to show that it was located at any point other than where appellant contends it was, or where appellee contends it was, the court instructed the jury substantially that in their answer to special issue No. 1 they should say that said corner was originally located "where plaintiff, Settegast, claims it to be," or "where defendant, Meyer, claims it to be," as they might find the fact to be from the evidence.

[8] By proposition 13 appellant contends that the court erred in his instructions upon the burden of proof, in that he charged the jury in effect that the burden of proving the location of the northwest corner of the Allen survey was upon the plaintiff, and that such proof must be made only by the evidence adduced by him.

There is no merit in such contention. By paragraph 4 of the court's charge the jury is told that proof of the original location of the northwest corner may be made by a preponderance of the evidence, and nowhere is the jury told that in finding the location of such corner they must look only to evidence adduced by the plaintiff.

Since the jury has found upon ample evidence that the original northwest corner of the Allen survey was located where appellee contends it was, the issue relative to the agreement as to the boundary line raised by propositions Nos. 16 and 18 become immaterial, and do not require at our hands consideration.

[9] We agree with appellant that the argument of counsel for appellee complained of was improper, and should not have been made, but, as we cannot conceive that such argument could have in any way tended to influence the jury in finding that the northwest corner of the Allen was where they located it, we will not reverse the judgment because of such argument.

For the reasons pointed out, the judgment is affirmed.

Affirmed.