## WADE v. MONROE et al.    (No. 1689.)

(Court of Civil Appeals of Texas. El Paso. Nov. 26, 1924.)

1. **Appeal and error** ⬤══1011(1)—**Finding on conflicting evidence not disturbed.**

Where evidence is directly conflicting and trial court has found facts in favor of one party, appellate court cannot find differently.

2. **Limitation of actions** ⬤══39(2)—**Action to recover money held by sheriff under claim for fee governed by four-year statute.**

In action against sheriff and sureties to recover money received from sale of property in satisfaction of judgment, fact that sheriff was holding money in escrow under verbal agreement, to await decision of court as to amount of sheriff's fees, did not make such action one based on verbal agreement governed by two-year statute, instead of action on sheriff's bond governed by four-year statute.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by Lee Monroe against H. J. Wade and others. From judgment for plaintiff, named defendant appeals. Affirmed.

H. G. Russell, of Pecos, for appellant.

Lee Monroe, of Topeka, Kan. (Guy L. Hursh, of Topeka, Kan., of counsel), for appellees.

HARPER, C. J. This suit was filed by Lee Monroe against H. J. Wade as sheriff, and the sureties on his official bond, for the sum of $919.20, and interest, and for cause of action alleged: That plaintiff secured a judgment in cause No. 981, district court of Ward county, Tex., against the Cedarvale Irrigation & Land Company, for certain moneys and foreclosure of lien on irrigation system; that order of sale issued, and defendant Wade, as sheriff, executed it by levy and sale, for which he received $4,000 in cash; that the sheriff retained the moneys sued for under claim of right to it as fees for caring for the property after levy and before sale; that upon motion before the trial court to retax costs it was held that Wade was not entitled to the money, but nevertheless he had retained it and failed and refused to pay it to plaintiff. Defendant, appellant, answered by general denial and specially that the money was delivered to him with the understanding that it be held by him in escrow until it be decided whether said charge as fees could be collected and then be applied in payment thereof or returned to plaintiff as said issue was decided; that this agreement was verbal, and plaintiff's suit, if any, is against Wade for violation of a verbal escrow agreement and, having occurred over four years and more than two years before this suit was filed, is barred by limitation. Tried without jury, and the court rendered judgment for plaintiff for the amount sued for, from which Wade alone has appealed.

[1, 2] The assignments are to the effect that the court erred in rendering judgment for plaintiff because the undisputed evidence shows that appellee delivered the money to appellant to be held by him in escrow pending the settlement of the difference between them as to costs involved. Therefore the refusal to pay in accordance with the verbal agreement is not a breach of the provisions of his official bond, but is based upon such agreement, and the statute of two years' limitations applies. In the first place, the evidence is not undisputed, but is directly conflicting, and the court has found the facts in favor of the appellant, so this court cannot find differently. Settegast v. Meyer (Tex. Civ. App.) 257 S. W. 343.

But to the contrary, if such an agreement as pleaded and contended for by appellant were conclusively established, it would not relieve him or his sureties of their obligation upon the official bond, because the agree-ment is qualified by "to await the decision of the court," so this simply extended the time of payment to that at which the court decided that the sheriff was not entitled to it as fees of office and did not change its status as money collected by him as sheriff, for which he was liable under his bond, so the four-year statute applied and not the two-year.

Finding no error, the case is affirmed.